FREDERICKA HOMBERG WICKER, Judge.
 

 12Keith Jackson and Debra Jackson filed this lawsuit against the United Services Automobile Association Casualty Insurance Company (“USAA”), alleging that USAA unlawfully refused to compensate them for additional living expenses due under an insurance policy. In response, USAA filed an exception of prematurity alleging that the plaintiffs had no right to bring suit without first providing USAA with certain documents and submitting to an examination under oath. The exception was granted and the plaintiffs filed the instant appeal. For the foregoing reasons, we vacate and remand.
 

 The relevant facts are these. On or about September 4, 2005, the plaintiffs’ LaPlace home allegedly suffered extensive indoor water damage as a result of a ruptured pipe in their kitchen. Due to the passage of Hurricane Katrina, the plaintiffs had evacuated their home, but the damage was noticed by a neighbor who contacted the plaintiffs and the local authorities. Shortly thereafter, both plaintiffs moved in with Keith Jackson’s mother Marie Jackson in Baton Rouge and remained there for approximately six months. Both plaintiffs had to commute to New Orleans daily, as both were then employed by Tulane University. The [ ^plaintiffs filed a claim with USAA for the water damage and additional living expenses associated with the six month Baton Rouge stay. USAA settled the property damage claim associated with the ruptured pipe but refused to compensate
 
 *514
 
 the plaintiffs for the additional living expenses, citing the policy language and the plaintiffs’ noncompliance therewith.
 
 After
 
 an extensive series of correspondence between the parties, the plaintiffs filed suit against USAA on September 5, 2006.
 

 USAA filed a declinatory exception of insufficiency of process and citation and a dilatory exception of prematurity. The hearing on the exceptions was held on February 27, 2007. At the hearing, both parties agreed that the exception of insufficiency of process and citation was well founded and that the plaintiffs would be permitted to make an attempt to make service through the Secretary of State.
 

 With respect to the latter exception, USAA argued that the suit was premature because the plaintiffs had not complied with the requirements of their policy. Specifically, USAA argued that under the language of the policy, the plaintiffs were required to provide it with unredacted copies of certain requested documents before bringing suit. USAA requested numerous documents from the plaintiffs, including Marie Jackson’s bank statements, receipts for gasoline and other expenses, and all of the plaintiffs’ unredacted bank statements from March 2005 to February 2006.
 

 In addition, USAA argued at the hearing that the suit was premature because the plaintiffs had failed to submit to an examination under oath after one was requested. The original examination was scheduled for June 2, 2006 at the office of USAA’s counsel. USAA asked the plaintiffs to bring the aforementioned documents to the meeting. However, the examination did not occur as both plaintiffs had a prior engagement that day. Instead, the plaintiffs wrote a letter to the Louisiana Insurance Commissioner and demanded that they be provided with |4the list of questions to be asked at the examination, a request which was denied by USAA. USAA then suggested a date of August 15, 2006, which was not amenable to the plaintiffs. The plaintiffs finally tried to reschedule the examination under oath for August 22, 2006, but USAA’s counsel was not available on that date.
 

 Both parties also filed memoranda in support of their respective positions on the exception of prematurity. USAA attached “Exhibit 1 in globo” to its memorandum, which contained the relevant language of the insurance policy and numerous pieces of correspondence between its employees and the plaintiffs. Both parties were allowed time for oral argument, but no documents were formally introduced into evidence.
 

 The court found that the exception of prematurity was well founded and sustained the exception. In her judgment, the trial judge noted that “the requested documents were not all provided” and that “plaintiffs never submitted to the examination under oath.” This timely appeal followed.
 

 On appeal, the plaintiffs assign two errors to the proceedings held below. First, the plaintiffs argue that the trial court erred in relying on the language of the policy and sustaining the exception of prematurity because the defendant had not formally introduced the policy into evidence. In the alternative, the plaintiffs argue that if the trial court properly considered relevant policy language, they nonetheless complied with the policy.
 

 FIRST ASSIGNMENT OF ERROR
 

 The plaintiffs argue that the trial court should not have considered the language of the USAA policy because the policy was not formally introduced into evidence. Thus, the argument follows, the trial court erred in relying on the policy language and sustaining the exception.
 

 
 *515
 
 |sAn insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code.
 
 Hebert v. Webre,
 
 982 So.2d 770, 773 (La.2008). The exception of prematurity is a dilatory exception, which the exceptor has the burden of proving. La. C. Civ. P. art. 926;
 
 LaCoste v. Pendleton Methodist Hosp., L.L.C.,
 
 966 So.2d 519 (La.2007). The exception of prematurity is generally utilized in cases where the law has provided a procedure for a claimant to seek administrative relief before resorting to judicial action.
 
 See, e.g., Buelle v. Periou,
 
 927 So.2d 1126, 1129 (La.App. 1st Cir. 2005).
 

 Introduction of evidence at trial is governed by La. R.S. 13:3723 which states in part:
 

 Whenever, during the trial of any suit or process, whether civil or criminal, before any of the district courts, either party may desire to offer in evidence any record, paper, or document belonging to the files or records of the district court of the parish in which the trial is proceeding, the presiding judge at the request of such party shall direct the clerk of the district court to produce such record, document, or paper, in order that it may be used in evidence.
 

 Evidence not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record.
 
 See, e.g., Ray Brandt Nissan v. Gurvich,
 
 726 So.2d 474, 476 (La.App. 5th Cir.1999). Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.
 
 Id.
 
 Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C. Civ. P. art. 2164.
 

 In the instant case, no evidence was introduced at the hearing on the exceptions by either party. In formulating her final judgment, the trial judge reviewed and utilized policy language attached to the defendant’s memorandum which had not been introduced as evidence in accordance with La. R.S. 13:3723. | (¡Therefore, the ruling of the trial court was improper as there was not a proper foundation for the judgment.
 

 As discussed above, documents attached to memoranda do not constitute evidence and cannot be properly considered on appeal unless they have been formally offered and introduced into evidence. Because we cannot consider the documents attached to the memoranda, we can only take the memoranda themselves into consideration. Based on the content of the record before us, this Court finds that USAA has failed to meet their burden of proof in this matter and therefore that the judgment of the trial court must be vacated.
 

 USAA would have us follow
 
 Fontaine v. Roman Catholic Church of the Archdiocese of New Orleans,
 
 625 So.2d 548 (La.App. 4th Cir.1993). In
 
 Fontaine,
 
 a divided Fourth Circuit Court of Appeal held that a cause of action was prescribed even though the exceptor had introduced no legally competent evidence into the record. The court offered several justifications for its position, including “judicial economy and logic”, Fourth Circuit precedent, and the fact that the “evidence is in the record.”
 
 Fontaine,
 
 625 So.2d at 554.
 

 We decline the invitation to follow
 
 Fon-taine
 
 for two reasons. First, although
 
 Fontaine
 
 has never been expressly overruled, it is clear that its holding is no longer the dominant view of the Fourth Circuit. For example, in
 
 Triss v. Carey,
 
 781 So.2d 613 (La.App. 4th Cir.2001), the Fourth Circuit stated:
 

 
 *516
 
 The parties introduced no evidence at the trial of the peremptory exceptions of prescription and no right of action. Both [parties] attached various documents to their memoranda to support and to controvert, respectively, the exceptions. Documents attached to memo-randa do not constitute evidence and cannot be considered on appeal ... Because we are confronted with an incomplete record, we are unable to adequately review the trial court’s judgment on the exceptions of prescription and no right of action.
 

 17Similar results have been reached in other Fourth Circuit cases as well.
 
 See, e.g., Argence L.L.C. v. Box Opportunities, Inc.,
 
 980 So.2d 786, n. 3 (La.App. 4 Cir. 2008) (finding that marked exhibits attached to appellate briefs cannot be considered by the Court of Appeal). Thus, an important justification relied upon by the Fourth Circuit in
 
 Fontaine
 
 no longer exists.
 

 Second, the weight of Louisiana jurisprudence disagrees with the approach in
 
 Fontaine
 
 and holds that documents attached to memoranda cannot be considered by an appellate court.
 
 See, e.g., Denoux v. Vessel Management Services, Inc.,
 
 983 So.2d 84, 88 (La.2008);
 
 City of Eunice v. CLM Equipment Co., Inc.,
 
 505 So.2d 976, 978 (La.App. 3rd Cir.1987). This Court has come to the same conclusion on several occasions.
 
 See, e.g., Ray Brandt Nissan,
 
 726 So.2d at 476;
 
 Gulf Coast Bank and Trust Co. v. Eckert,
 
 656 So.2d 1081, 1084 (La.App. 5th Cir.1995). Thus, we decline to find
 
 Fontaine
 
 controlling in the instant appeal.
 

 SECOND ASSIGNMENT OF ERROR
 

 In the alternative, the plaintiffs argue that if this Court finds that the policy language was properly before the trial court, we should hold that the plaintiffs did not violate the terms of their policy. For the reasons described above, the policy language was not properly before the trial court, and therefore, this assignment of error is moot.
 

 CONCLUSION
 

 Based on the foregoing, the judgment of the trial court sustaining the exception of prematurity is vacated and the matter is remanded for further proceedings consistent with this opinion.
 

 VACATED AND
 
 REMANDED.