# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1350

**PATSY JANE BOUDREAUX, ET AL.**

**VERSUS**

**ABLE SUPPLY COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 88,221
HONORABLE THOMAS R. DUPLANTIER, PRESIDING
\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED.**

**Michael P. Landry**
**Frank J. Swarr**
**David R. Cannella**
**Landry & Swarr, L.L.C.**
**1010 Common Street, Suite 2050**
**New Orleans, LA 70112**
**(504) 299-1214**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Patsy Jane Boudreaux, et al.**

**Walter & Kraus, LLP**
**3219 McKinney Avenue**
**Dallas, TX 75204**
**(214) 357-6244**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Patsy Jane Boudreaux, et al.**

**Erin Fury Parkinson**
**McGlinchey Stafford, PLLC**
**643 Magazine Street**
**New Orleans, LA 70130**
**(504) 596-2814**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **American Cyanamid Co.**

**Gary A. Bezet**
**Gayla M. Moncla**
**Barrye Panepinto Miyagi**
**Allison Benoit**
**Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.**
**P.O. Box 3513**
**Baton Rouge, LA 70821-3513**
**(225) 387-0999**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Olin Corp., Exxon Mobil Corp., et al.**

**John D. Person**
**Sarah Lowman**
**Middleberg, Riddle, & Gianna**
**31st Floor**
**201 St. Charles Avenue**
**New Orleans, LA 70170-3100**
**(504) 525-7200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Fluor Constructors Int'l, Inc., Fluor Corp. & Fluor Maintenance Serv. Inc.**

**Ronald A. Johnson**
**Janet W. Marshall**
**Johnson, Johnson, Barrios & Yacoubian**
**701 Poydras Street, Suite 4700**
**New Orleans, LA 70139-7708**
**(504) 528-3001**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **B.P. America, Inc. and Atlantic Richfield Co.**

**Richard Sulzer**
**Robert Williams**
**Sulzer & Williams, LLC**
**201 Holiday Boulevard, Suite 335**
**Covington, LA 70433**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Chicago Bridge & Iron Company**

**John T. Balhoff**
**James Garner**
**Sher, Garner, Cahill, Richter, Klein & Hibbert, LLC**
**909 Poydras Street, Suite 2700**
**New Orleans, LA 70112**
**(504) 299-2251**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Air Liquide America Corporation**

**Lexi T. Holinga**
**Taylor, Porter, Brooks and Phillips, L.L.P.**
**P.O. Box 2471**
**8th Floor Chase Tower South**
**451 Florida Street**
**Baton Rouge, LA 70801**
**(225) 381-0262**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **The Dow Chemical Company**

**Lynn Luker**
**Lori A. Walters**
**Lynn Luker & Associates, LLC**
**3433 Magazine Street**
**New Orleans, LA 70115**
**(504) 525-5500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Foster Wheeler Energy Corporation**

**John Hainkel, III**
**Michelle St. Cyr**
**Frilot LLC**
**3600 Energy Center, 1100 Poydras Street**
**New Orleans, LA 70163-3600**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Foster Wheeler Energy Corporation**

**Joshua Rubenstein**
**Forman, Perry, Watkins, Krutz & Tardy**
**1515 Poydras Street**
**New Orleans, LA 70112**
**(504) 799-4383**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Ingersoll-Rand Company**

**Darryl J. Foster**
**Lemle & Kelleher, L.L.P.**
**601 Poydras Street**
**21st Floor Pan American Life Center**
**New Orleans, LA 70130**
**(504) 585-1241**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Monsanto Company**

**Kathleen Drew**
**A. Kirk Gasperecz**
**Adams and Reese, L.L.P.**
**4500 One Shell Square**
**701 Poydras Street**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Estech, Inc.**

**Yul Lorio**
**One Lakeshore Drive, Suite 1600**
**Lake Charles, LA 70629**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Lyndell Chemical & Millenium Petrochemicals, Inc.**

**Scott A. Soule**
**1100 Poydras Street, Suite 2300**
**New Orleans, LA 70163**
**(504) 585-7075**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Citgo Petroleum Corporation**

**Amy L. Maccherone**
**Theresa R. Becher**
**Abbott, Simses & Kuchler, APLC**
**400 Lafayette Street, Suite 200**
**New Orleans, LA 70130**
**(504) 568-9393**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **General Motors Corporation and E.I. Du Pont De Nemourers and Co.**

**David Bourgeous**
**Duplass, Zwain, Bourgeous & Morton**
**Three Lakeway Center, Suite 2900**
**3838 No. Causeway Blvd.**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Seville, Inc.**

**William L. Schuette, Jr.**
**Jones, Walker, Waechter, Poitevent, Carrere and Denegre, LLP**
**8555 United Plaza Blvd.**
**Four United Plaza, Fifth Floor**
**Baton Rouge, LA 70809**
**(225) 381-0262**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **CBS Corporation and General Electric Corporation**

**Alan K. Breaud**
**Breaud & Meyers**
**601 Jefferson Street, Suite 1101**
**Lafayette, LA 70501**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Omega Protein, Inc.**

**Forrest Ron Wilkes**
**Molly M. Gattuso**
**Ann S. Russell**
**Forman, Perry, Watkins, Krutz & Tardy**
**1515 Poydras Street**
**New Orleans, LA 70112**
**(504) 799-4383**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **O-I, Inc.**

**John Hainkel, III**
**Sherri S. Faust**
**Frilot LLC**
**3600 Energy Center, 1100 Poydras Street**
**New Orleans, LA 70163-3600**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Cleaver-Brooks, Inc., f/k/a Aqua-Chem, Inc.**

**Christopher K. Lightfoot**
**Hailey, McNamara, Hall, Larmann & Papale, LLP**
**P.O. Box 8288**
**Metairie, LA 70001-8288**
**(504) 836-6500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Taylor-Seidenbach, Inc.**

**Matthew S. Lott**
**Dogan & Wileinson, PLLC**
**P.O. Box 1618**
**Pascagoula, MS 39568-1618**
**(228) 762-2272**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Crane Co.**

**Diane M. Sweezer**
**Beason Willingham**
**808 Travis, Suite 1608**
**Houston, TX 77002**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Reilly Benton, Inc.**

**Duris Homes**
**Jaime H. Bagglio**
**Deutsch, Kerrigan & Stiles, LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Riley Power, Inc., Anco Insulations, Inc., and Zurn Industries, LLC**

**Mike Lonegrass**
**One Shell Square – 40th Floor**
**701 Poydras Street**
**New Orleans, LA 70139**
**(504) 525-2456**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Crown Cork & Seal Company, Inc.**

**Cory Cahn**
**W. Scott Brown**
**Entergy Services, Inc.**
**639 Loyola Avenue, 26th Floor**
**New Orleans, LA 70113**
**(504) 576-5625**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Entergy Gulf States Louisiana, LLC, Entergy Texas, Inc.**

**Cynthia Branch**
**Spyridon, Palermo, and Dornan**
**Three Lakeway Center, Suite 3010**
**3838 No. Causeway Blvd.**
**Metairie, LA 70002**
**(504) 830-7810**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Turner Industries, LLC**

**Glen L. Swetman**
**Kay Baxter**
**Brandie L. Mendoza**
**Aultan, Tyner, Ruffin & Swetman**
**400 Poydras Street, Suite 1900**
**New Orleans, LA 70130**
**(504) 528-9640**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Garlock Sealing Technologies, LLC**

**James Sutterfield**
**Scott T. Winstead**
**Sutterfield & Webb, LLC**
**650 Poydras Street, Suite 2715**
**New Orleans, LA 70130**
**(504) 598-2715**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Able Supply Company**

**Sue Kohn**
**Simon, Peragine, Smith & Redfearn, L.L.P.**
**Energy Centre – 30th Floor**
**1100 Poydras Street**
**New Orleans, LA 70163-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Eagle, Inc.**

**COOKS, Judge.**

This litigation involves the survival and wrongful death claims filed by the widow and children of the decedent, Lloyd Joseph Boudreaux, Jr. It is alleged Mr. Boudreaux contracted, and subsequently died from, malignant mesothelioma resulting from asbestos exposure. Plaintiffs alleged Mr. Boudreaux sustained significant occupational exposure to asbestos from the 1950's to the 1970's as an insulator at various worksites in Texas and Louisiana.

Plaintiffs originally filed suit first in the United States District Court for the Eastern District of Texas, captioned *Lloyd J. Boudreaux, et al. v. A.C. & S., Inc., et al.* After Mr. Boudreaux's death in 2007, plaintiffs filed suit in Vermilion Parish, Louisiana against fifty-four (54) corporate defendants grouped into categories entitled "Manufacturing and Equipment," "Employer," "Premises," "Supplier," and "Contractor" defendants.

The petition states that plaintiffs are "resident citizens and domiciliaries of the State of Texas." The petition pleads generally that, under La.Code Civ.P. arts. 73 and 74, venue is proper in Vermilion Parish, Louisiana because the wrongful conduct allegedly occurred in Vermilion Parish and each of the defendant companies allegedly is jointly and solidarily liable for plaintiffs' injuries. The petition further stated that Mr. Boudreaux worked "for many different contractors at many different refineries, chemical plants and shipyards, mostly in the Beaumont, Port Arthur, and Port Neches area, but also in Louisiana."

One of the defendants, American Cyanamid filed an Exception of Improper Venue and a Motion to Dismiss for *forum non conveniens*, asserting that Texas is a more appropriate forum under La.Code Civ.P. art. 123(B). Many other defendants joined in and other defendants filed similar exceptions and motions to dismiss. Some

defendants filed exceptions to personal jurisdiction. Following a hearing, the trial court granted the parties additional time to conduct discovery limited to the facts pertaining to the *forum non conveniens* issues. When the discovery was complete, another hearing was held at which American Cyanamid filed Plaintiffs' discovery responses in the record as evidence. American Cyanamid contended Plaintiffs' responses showed a "dearth of evidence supporting the litigation of this Texas-based action in Vermilion Parish."

Based on the evidence presented at the hearing, the trial court granted the *forum non conveniens* motion and dismissed the action without prejudice, reserving plaintiffs the right to re-file the action in a court of competent jurisdiction within sixty days of the rendition of the judgment. The dismissal was also conditioned upon all defendants waiving any defense based upon prescription that matured since commencement of the action in Louisiana. The trial court concluded all of the private and public interest factors weighed heavily in favor of dismissal and the plaintiffs' slim connection to Vermillion Parish failed to justify the burden on the court and the taxpayers of the parish to support the suit. Having ruled on the *forum non conveniens* motion, the trial court did not render any judgment on the exception of improper venue. Plaintiffs appealed.

**ANALYSIS**

The standard of review in this case is whether the trial court abused its discretion in granting the *forum non conveniens* motion:

> The abuse of discretion standard of review is appropriate because La.Code Civ.P. art. 123, which treats forum non conveniens, permits--it does not mandate--that a case be transferred if certain conditions are fulfilled. This gives the trial judge the discretion to grant the motion to transfer or not, and we review whether or not that discretion was abused. *A.O. Smith Corp. v. American Alternative Insurance Corp.*, 2000-2485 (La.App. 4 Cir. 12/27/00), 778 So.2d 615, 619; *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266 (1981); *Karim v. Finch*

*Shipping Company Ltd.*, 265 F.3d 258 (5th Cir. 9/5/01); *Cantuba v. American Bureau of Shipping*, 2001-1139 (La.App. 4 Cir. 2/13/02), 811 So.2d 50.

*Carreon v. Cal-Tex Philippines, Inc.*, 04-809, p. 3-4 (La.App. 4 Cir. 3/23/05), 901 So.2d 456, 458-59, *writs denied*, 05-1040, 05-1051 (La. 6/3/05), 903 So.2d 468, 469.

The abuse of discretion standard has been held to be appropriate because La.Code Civ.P. art. 123 allots great discretion to the trial court in determining if the conditions for *forum non conveniens* are fulfilled. *Martinez v. Marlow Trading, S.A.*, 04-538 (La.App. 4 Cir. 2/2/05), 894 So.2d 1222.

Louisiana Code of Civil Procedure article 123(B) provides in pertinent part:

> Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article.

The Louisiana Supreme Court in *Fox v. Board of Sup'rs of La. State Univ.*, 576 So.2d 978, 987 (La. 1991) noted the purpose of the statute is to ensure "that the forum is fair and convenient to the parties and not a forum chosen merely to harass the defendant," and that the courts are provided with "a mechanism to regulate crowded dockets by ensuring that cases of no interest to the community where the case is filed can be moved to a more appropriate forum."

When determining whether a case should be transferred on the grounds of *forum non conveniens*, the trial court should consider the following private interest factors:

1. Convenience of the parties and witnesses;

2.  Access to the sources of proof and evidence, as well as viewing of the premises, if required;

3.  Costs of obtaining attendance of witnesses;  and

4.  Advantages and obstacles to a fair trial.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947); *Martinez*, 894 So.2d 1222; *National Linen Service v. City of Monroe*, 39,199 (La.App. 2 Cir. 12/15/04), 889 So.2d 1186.

The trial court found the private interest factors weighed heavily in favor of Texas as the more convenient forum.  The trial court specifically noted in its reasons for judgment that decedent and the plaintiffs were lifelong residents of Texas.  The only contact with Vermilion Parish was for an eight-month period spent working for his brother-in-law's company, Gulf Coast Engine Company, on a fishing boat.  The trial court also considered that all medical treatment of decedent occurred in Texas, and therefore all of the medical evidence and witnesses were situated in Texas rather than Louisiana.  The only witness plaintiffs identified as "will call" for trial, living within 25 miles of the Vermilion Parish courthouse, was decedent's brother-in-law. The record also establishes, of the twenty-five named defendants, only two were located in Louisiana, and none in Vermilion Parish.  Twenty-two of the named defendants were located in Texas, and one in the state of Washington.  After a thorough review of the facts in this case, we find the trial court's conclusion that the private interest factors supported Texas as the more convenient forum was not an abuse of discretion.

Courts also take into consideration public interest factors to determine whether the litigation would unnecessarily burden the defendants or the court.  These factors include:

1.  Administrative difficulties flowing from court congestions;

2. Local interest in having localized controversies decided at home;

3. Interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

4. Avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law;

5. Unfairness of burdening citizens in an unrelated forum with jury duty.

*Martinez*, 894 So.2d at 1227, *citing Piper Aircraft Company v. Reyno*, 454 U.S. 235, 102 S.Ct. 252 (1981). If the court concludes that retention of the litigation would be unnecessarily burdensome, then dismissal is proper.

The trial court likewise concluded that the public interest factors mandated dismissal of the case on *forum non conveniens* grounds. The trial court stated as follows:

> [T]he fact is that you [plaintiffs and decedent] come from Texas having lived there all your life, having been treated all your life. You now find the fact that eight months [the decedent] worked in a boat in Vermilion Parish. You now subject not only all these people, but the citizens of Vermilion Parish, the Court of Vermilion Parish to what is a very costly, very time consuming process that hinges upon the only reason because you can get supposedly all the people into this one jurisdiction. . ., but the fact is I think I have an obligation to look at these facts and say to myself, is it really more convenient and is it really the most convenient? Not whether it's more convenient for the plaintiffs, not whether its have you been denied the best source of an area. I think you take all these things together, and to me, you have to say that this Texas plaintiff, this Texas individual who was injured and died obviously from exposure – nobody contends that's not true – whether or not we are to, in Vermilion Parish, be the ones to litigate this 23-year exposure to asbestos because he happened to work for his brother-in-law for eight months on a pogey boat in Vermilion Parish, and I think not.

We find no abuse of discretion in the trial court's conclusion that the public interest factors demonstrate that filing this proceeding in Texas benefits that state in allowing a local controversy to be decided by its judicial system, while relieving an unjustified expense and burden on Louisiana's citizens and judicial system.

Plaintiffs specifically argue the trial court erred in according little, if any,

-5-

deference to its choice of forum. Under the facts of this case, we disagree. Dispositive of this issue is the fact that the decedent was, and all plaintiffs are, residents of the State of Texas. Courts give less deference to a plaintiff's choice to sue outside his home forum. In *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 437, 127 S.Ct. 1184, 1191 (2007), the United States Supreme Court stated:

> A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is then "less reasonable." *Piper Aircraft Co[. v. Reyno]*, 454 U.S. 235, 255-56, 102 S.Ct. 252.

The courts have explained the reason for giving a non-domiciled plaintiff's choice of forum less deference is not xenophobic, but is "merely a reluctance to assume that the choice is a convenient one." *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3rd Cir. 1989). The courts have also stated plaintiffs can overcome this reluctance by presenting a "strong showing of convenience." However, the record before us presents no proof of convenience in trying this case in Vermilion Parish. To state it simply: Nothing relevant to this case occurred in Vermilion Parish. As set forth above, the only period of employment decedent had in Vermilion Parish during his forty-five year work history was for an eight-month period in the early 1970's where he worked at Gulf Coast Engine Company, which was owned by his brother-in-law. However, Gulf Coast was not a named defendant. Therefore, we find the trial court did not err in according little deference to plaintiffs' choice of forum.

Plaintiffs argued that a prerequisite for a *forum non conveniens* dismissal is a showing there is an available, alternative forum where each and every defendant is subject to the jurisdiction of that court. As the trial court noted there is no requirement under La.Code Civ.P. art. 123(B) that the "entire case and all parties" must "come

within the jurisdiction" of the alternative forum. The trial court stated:

> I know your argument is that supposedly you can't get some of these defendants to Texas. I don't see a codal argument or a case or anything that I am bound as a judge to make your ability to get everybody tried in a single jurisdiction. That's not my job and it's not the codal job.

We further note there is no showing the Vermilion Parish District Court could meet this requirement, because two defendants filed exceptions to jurisdiction in that court. With the dozens of defendants sued by plaintiffs, it is highly unlikely that any court would have jurisdiction over every named defendant.

A forum is "adequate" for purposes of *forum non conveniens* if "the parties will not be deprived of all remedies or treated unfairly." *Martinez*, 894 So.2d at 1226. We find no merit to plaintiffs' contention that Texas will not provide an adequate alternative forum.

Plaintiffs also argue that in order for La.Code Civ.P. art. 123(B) to apply, *all* acts providing the basis for the suit had to occur outside of Louisiana. Specifically, they argue the mere *allegation* of a single incident of exposure in Louisiana will support litigation in Louisiana. We find no merit in this argument. Such a restrictive reading of that article is directly contrary to the principles of *forum non conveniens*, and, as defendants argue, could make Louisiana a haven for forum shoppers who perceive some sort of tactical advantage to filing suit here. The allegations of limited acts in Louisiana is merely one factor to be considered along with the other factors, none of which support suit in Louisiana under the facts presented in this case..

Plaintiffs also argued that the trial court should not have dismissed the case based on *forum non conveniens* without first ruling on one of the defendant's exception to venue in Vermilion Parish. As Defendants note in their brief, the trial court has jurisdiction to rule on the *forum non conveniens* motion regardless of

whether venue is proper. The United States Supreme Court stated:

> [A] district court has discretion to respond at once to a
> defendants's *forum non conveniens* plea and need not take
> up first any other threshold objection. . . .
>
> We have essentially characterized *forum non conveniens* as,
> essentially, "a supervening venue provision, permitting
> displacement of the ordinary rules of venue, when, in light
> of certain conditions, the trial court thinks that jurisdiction
> ought to be declined.

*Sinochem*, 549 U.S. 422, 127 S.Ct. 1184 (2007). This pronouncement clearly indicates a district court has discretion to decide the *forum non conveniens* issue without first determining venue.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.

**AFFIRMED.**