SUSAN M. CHEHARDY, Judge.
|2The plaintiff appeals a judgment that granted a motion to dismiss filed by two of the defendants. We vacate the judgment and remand for further proceedings.
PROCEEDINGS BELOW
The petition alleged the following pertinent facts:
*425 In 2001 David Scheuermann, Jr. purchased a white Cadillac Deville automobile from a dealership that subsequently was taken over by Cadillac of Metairie, Inc. General Motors Corporation (“General Motors”) was the manufacturer of the 2001 Cadillac and issuer of a manufacturer’s warranty for the vehicle.
On September 29, 2005, the plaintiff purchased an extended warranty provided by GMAC Service Agreement Corporation (“GMAC”) and sold by Cadillac of Metair-ie. Known as the General Motors Protection Plan, this extended warranty provided coverage for repairs that might be required after expiration of the original warranty, for a duration of 36 months or 36,-000 miles.
On or about August 8, 2008, the plaintiff began experiencing knocking noises coming from the engine. The plaintiff brought the vehicle to Cadillac of Metairie for repairs. Cadillac of Metairie replaced various parts of the engine and |sreturned the vehicle to the plaintiff on October 6, 2008. Those repairs were covered by the extended warranty.
After the return of his vehicle, however, the plaintiff discovered the knocking noise persisted. Cadillac of Metairie failed or refused to make any further repairs to the vehicle. After numerous discussions with representatives of Cadillac of Metairie and GMAC, at the request of GMAC the plaintiff took the vehicle to another dealer, which diagnosed the problem differently than had Cadillac of Metairie and prescribed different repairs.
On March 2, 2009, plaintiff filed this suit against Cadillac of Metairie, Inc. and General Motors Corporation (for which GMAC Service Agreement Corporation later substituted as defendant), making claims against the defendants under the extended warranty.[1] He sought specific performance or, alternatively, damages for the defendants’ alleged failure to make vehicle repairs under the extended warranty agreement.
In two supplemental and amended petitions, the plaintiff added as defendants Best Chevrolet and LKQ Corporation, alleging that he eventually took the car to Best Chevrolet, which replaced the entire engine with a rebuilt engine provided by LKQ, and that GMAC paid for the engine replacement under the Protection Plan. The plaintiff alleged that despite the engine replacement, he almost immediately began having problems with the engine, including knocking sounds, leaking of oil, and other problems. Cadillac of Metairie and GMAC refused to perform or to pay for further repairs, asserting that the plaintiffs remedy lies against Best Chevrolet and LKQ Corporation.
|4In GMAC’s combined Answer to the original petition and the supplemental and amended petitions, GMAC admitted the existence of an extended warranty or protection plan that was sold to the plaintiff, but maintained that repairs were made pursuant to that plan and that the plan has expired. GMAC admitted that it paid for the LKQ engine and repairs, and that an LKQ warranty accompanied the engine obtained by GMAC. The defendant asserted the original agreement expired on “9/28/08 or at 83,025 miles, whichever occurs first.” GMAC asserted, “Thus the Protection Plan had expired when the replacement engine was installed, commencing on *426 10/14/2008, and no more repairs can be authorized.”
In addition, GMAC asserted the affirmative defense that it was entitled to be dismissed from the case due to a settlement agreement signed by plaintiffs counsel. GMAC further argued, “Defendant was within the parameters of the contract with plaintiff when, pursuant to the language of the General Motors Protection Plan, used or remanufactured parts were used to remedy plaintiffs vehicle.” GMAC sought judgment dismissing the plaintiffs claims against it.
Thereafter, GMAC filed a Motion to Dismiss and Enforce Settlement Agreement. It asked the court to find that the perpetuation of the plaintiffs cause of action against GMAC contradicts the Settlement Agreement between the parties dated August 31, 2009, contained in a letter from GMAC’s counsel to plaintiffs counsel. Attached to the motion and memorandum were copies of various documents, including the letter that GMAC stated constituted the settlement agreement between the parties. Cadillac of Metairie filed a Motion to Adopt Motion to Dismiss, joining in GMAC’s motion to dismiss and enforce settlement.
In opposition to the Motion to Dismiss, the plaintiff argued that language added by his counsel at the bottom of the letter was intended to mean that the dismissal would be signed after the repairs were properly completed. The plaintiff Rargued he was not required to sign the release or the dismissal submitted by GMAC because the repairs at Best Chevrolet did not resolve the problems. He attached documents to . his memorandum in support of his opposition.
The hearing on the Motion to Dismiss and Enforce Settlement Agreement took place on July 27, 2011. The hearing consisted entirely of argument by counsel; no testimony or documentary evidence was introduced.
The trial judge granted the motion and dismissed the plaintiffs claims against GMAC Service Agreement Corporation and Cadillac of Metairie, Inc., with prejudice, reserving the plaintiffs rights against the remaining defendants. The court gave no written reasons for judgment. The plaintiff filed a timely Motion for New Trial, which was denied after a hearing. The plaintiff appeals both the judgment granting the Motion to Dismiss and Enforce Settlement, and the judgment denying the Motion for New Trial.
We do not address the assignments raised by the appellant, however, because we find this judgment must be vacated and the matter remanded for further proceedings. There was no evidence introduced, by either party, in support of or against the motion to dismiss. Accordingly, the trial court erred in granting the motion.
LAW AND ANALYSIS
When a party raises an exception or motion that must be proven, it is that party’s burden to present evidence establishing the claims made therein. See La. C.C.P. arts. 930, 981, 963.
The exceptions to that rule are the peremptory exception of no cause of action and the motion for summary judgment. An exception of no cause of action must be tried on the face of the petition alone. La. C.C.P. art. 931; Ramey v. DeCaire, 2003-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118. A motion for | ^summary judgment is decided on “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.” La. C.C.P. art. 966(B). Summary judgment may be granted only if the documents in the record show that there is no genuine issue as to material fact, and that mover is *427 entitled to judgment as a matter of law. Id.
Other defenses, however, whether raised by exception or motion or in other pleadings, must be proven by evidence introduced at a hearing, where the trial court performs its function of weighing evidence, making credibility determinations, and making factual findings.
In this case, the Motion to Dismiss and Enforce Settlement Agreement filed by GMAC was accompanied by copies of various documents attached to the memorandum in support of the motion, in particular a copy of the letter that GMAC holds forth as the settlement agreement. Neither the movers nor the plaintiff introduced into evidence any of the documents they attached to their memoranda.
Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Id.; La. C.C.P. art. 2164.
These principles are well established in this Circuit. See, e.g., Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474; Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474; Jackson v. United \nServices Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512; Wilson v. Beechgrove Redevelopment, L.L.C., 09-1080 (La.App. 5 Cir. 4/27/10), 40 So.3d 242; Anowi v. Nguyen, 11-468 (La.App. 5 Cir. 12/13/11), 81 So.3d 905; Tolmas v. Parish of Jefferson, 11-492 (LaApp. 5 Cir. 12/29/11), 80 So.3d 1260.
Accordingly, we find the trial court erred in granting the Motion to Dismiss or Enforce Settlement Agreement, when there was no evidence properly before it on which to base the ruling. We shall vacate the judgment and remand for further proceedings.
Considering our decision on the original ruling, we need not address the Motion for New Trial.
DECREE
For the foregoing reasons, the judgment on appeal is vacated and the case is remanded for further proceedings. The parties are cast with their own costs for this appeal.

VACATED AND REMANDED

WICKER, J., concurs.

. The claims against General Motors were answered by GMAC Service Agreement Corporation ("GMAC”), as seller of the General Motors Protection Plan. GMAC stated that it was appearing as defendant in place of General Motors, because General Motors was incorrectly named as defendant. Hence, we substitute GMAC where General Motors appeared in the petition and other pleadings.