STEPHEN J. WINDHORST, Judge.
| j>This case results from the production and broadcast of the television series Big Easy Justice, featuring Eugene Thacker, a.k.a. “Tat-2 The Bounty Hunter” (“Tat-2”), a bail enforcement agent and his associates, who apprehend fugitives from justice. On April 10, 2012, Tat-2 and his associates arrested Everette Draughn at his home. The facts leading up to Mr. Draughn’s arrest are disputed.[1] The arrest itself was captured on film. Following his arrest, Mr. Draughn signed a written release concerning the television series.
On September 12, 2012, Mr. Draughn filed this proceeding in Jefferson Parish asserting claims for assault and battery, defamation and negligent infliction of emotional distress. Appellees, Jennifer Lopez Enterprises, Viacom Media Networks, Al *1012 Roker Entertainment, Inc., and Bodega Pictures, LLC filed ^exceptions of improper venue.[2] The appellees argued that the written release signed by Mr. Draughn contained a forum selection clause which mandated Mr. Draughn to file his lawsuit in New York. In support of their exceptions, appellees attached the written release and two appearance bonds. In opposition to the exceptions, Mr. Draughn’s counsel attached a DVD of the television series, featuring Mr. Draughn’s arrest and an affidavit.
On August 30, 2013, the trial court heard the exceptions. The trial court found that Mr. Draughn failed to prove that the forum selection clause was procured by fraud, duress or coercion and sustained appellees’ exceptions of improper venue. Mr. Draughn appealed this judgment.
We do not address the assignments of error raised by Mr. Draughn because, after thorough review of the record, we find that there was no evidence introduced by either party in support of or against the exceptions. Oral argument alone cannot sustain an exception. In the absence of any evidence necessary to sustain the exception and dismiss the case, we conclude that the trial court erred in granting the exceptions of improper venue.

Insufficient Evidence in Record

When a party raises an exception or motion that must be proven, it is that party’s burden to present evidence establishing the claims made therein. See La. C.C.P. arts. 930, 931, 963; See also Scheuermann v. Cadillac of Metairie, Inc., 11-1149 (La.App. 5 Cir. 5/31/12), 97 So.3d 423, 426. The exceptions to that rule are the peremptory exception of no cause of action and the motion for summary judgment. La. C-C.P. articles 931 and 966.
|4An exception of no cause of action must be tried on the face of the petition alone. La. C.C.P. art. 931; Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. A motion for summary judgment is decided on “pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any ...,” but no weighing of evidence may occur, nor any taking of testimony. La. C.C.P. art. 966(B)(2)
Other defenses, however, whether raised by exception or motion, or in other pleadings, must be proven by evidence introduced at a hearing, where the trial court performs its function of weighing evidence, making credibility determinations, and making factual findings. Lexington Ins. Co. v. Tasch, Inc., 12-339 (La.App. 5 Cir. 11/27/12), 105 So.3d 950, 955.
Exhibits and attachments not properly and officially offered and admitted into evidence cannot be considered, even if it is physically filed into the trial court record. Denoux v. Vessel Mgmt., Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88; Tasch, 105 So.3d at 955; Scheuermann, 97 So.3d at 427; Jackson v. United Services Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 515. Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal. De-noux, 983 So.2d at 88. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Id. La. C.C.P. art. 2164.
Although the failure to admit evidence' was not assigned as an error in this case, the Supreme Court and this Court have routinely held that appellate courts may *1013 not consider evidence not properly admitted into evidence, whether the lack of admission into evidence was assigned as error or not. Barnes v. Jacob, 13-596 (La.App. 5 Cir. 12/12/13), 131 So.3d 363; Quinn v. La. Citizens Prop. Ins. Corp., 12-0152 (La.11/2/12), 118 So.3d 1011; Denoux, supra; Scheuermann, supra; Tasch, supra; Jackson, supra; Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474; Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474; Jackson, supra; Wilson v. Beechgrove Redevelopment, L.L.C., 09-1080 (La.App. 5 Cir. 4/27/10), 40 So.3d 242; Anowi v. Nguyen, 11-468 (La.App. 5 Cir. 12/13/11), 81 So.3d 905, writ denied, 12-0111 (La.4/13/12), 85 So.3d 1247; Tolmos v. Parish of Jefferson, 11-492 (La.App. 5 Cir. 12/29/11), 80 So.3d 1260.
During their argument at the hearing on the exceptions, appellees referred to the written release and the appearance bonds attached to their exceptions, but at no time did the appellees move to admit the exhibits into evidence, and the trial court did not admit these exhibits into evidence. Nor did the parties stipulate to admission of the exhibits.
At the hearing, Mr. Draughn’s counsel requested to play the DVD of the series for the court. Appellees objected to the relevance of the DVD because it did not show the signing of the release. A discussion occurred between the court and the parties about what was on the DVD and the problems with playing the DVD on the equipment in the courtroom. Subsequently, Mr. Draughn’s counsel stated that the DVD was “already in evidence.” The record reveals that Mr. Draughn’s counsel did not offer, file, or introduce the DVD into the record, nor did the trial court accept the DVD into evidence.[3] When Mr. Draughn’s counsel referred to the affidavit in support of his opposition, appellees objected to its admissibility. Mr. Draughn’s counsel stated “it’s already been admitted. It’s been filed.” Mr. Draughn’s counsel did not offer, file or introduce the affidavit into evidence. The |fitrial court did not make a ruling on the appellees’ objection, nor did the trial court accept the affidavit into evidence.
Accordingly, we find the trial court erred in granting the exceptions of improper venue when there was no evidence properly before it on which to base its ruling. The judgment is vacated and the matter is remanded to the trial court for further proceeding.
VACATED AND REMANDED

. Mr. Draughn contends that he was arrested because he missed a traffic court hearing for a traffic ticket. Whereas, appellees contend that Mr. Draughn was arrested for Illegal Possession of Stolen Things. This dispute, however, is irrelevant to this Court’s disposition.

. Viacom Media Networks, A1 Roker Entertainment, Inc., and Bodega Pictures, LLC filed an exception of improper venue on March 18, 2013. Jennifer Lopez Enterprises filed an exception of improper venue on April 23, 2013.

. Subsequently, Mr. Draughn asked the trial court if he could supplement the record with the DVD at a later time because he was unable to play the DVD attached to his opposition. The trial court said he could supplement the record. We find that this is not sufficient to find that the trial court formally accepted the DVD into evidence, over the objection of appellees.