BORIS WOODS SR.                                    NO. 23-C-450

VERSUS                                             FIFTH CIRCUIT

ACE AMERICAN INSURANCE COMPANY,                    COURT OF APPEAL
ET AL
                                                   STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                            October 31, 2023

                          Linda Wiseman
                          First Deputy Clerk

**IN RE** MICHAEL PUSEY

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 76,880

                    Panel composed of Judges Susan M. Chehardy,
                    Marc E. Johnson, and Robert A. Chaisson

**WRIT DENIED IN PART, WRIT GRANTED IN PART, MOTION TO TRANSFER VENUE GRANTED, CASE TRANSFERRED TO THE 22ND JUDICIAL DISTRICT COURT**

Defendant, Michael Pusey, seeks supervisory review of the trial court's ruling denying his exception of improper venue and motion to transfer venue. For the reasons that follow, we deny the writ in part, grant the writ in part, and grant the motion to transfer venue to the 22nd Judicial District Court for the Parish of St. Tammany.

*Facts and Procedural History*

This case arises from a July 2, 2020 auto accident that occurred in St. Tammany Parish on Interstate 10 near U.S. Highway 190. At the time of the accident, defendant Michael Pusey was in the course and scope of his employment with defendant Laboratory Corporation (Labcorp), driving a vehicle owned by

23-C-450

Labcorp and insured by defendant Ace American Insurance Company. The plaintiff, Boris Woods, resides in St. Tammany Parish.

In 2018 defendant Pusey moved from LaPlace, located in St. John the Baptist Parish, to Ponchatoula, located in Tangipahoa Parish. At the time of the accident in 2020, Pusey's driver's license still listed his LaPlace home address.

On June 10, 2021, plaintiff filed suit against Pusey, Labcorp, and Ace in St. John the Baptist Parish. Plaintiff initially obtained service of the petition only on Labcorp and Ace. On August 3, 2021, shortly after they were served, Labcorp and Ace filed an exception of improper venue and motion to transfer venue, attaching as evidence in support of their exception and motion an unsworn letter from Pusey that indicated his intent to reside in Tangipahoa Parish. According to Pusey's current writ application, after Labcorp and Ace's venue exception and motion had been filed, on November 11, 2021, Pusey filed sworn declarations of intent regarding his domicile in the public records of both St. John the Baptist Parish and Tangipahoa Parish. Pusey contends that Labcorp and Ace then attached Pusey's sworn declarations to their reply memorandum, which they filed in response to plaintiff's opposition to their venue exception and motion to transfer venue. After a December 3, 2021 hearing, the trial court denied Labcorp and Ace's exception of improper venue and motion to transfer venue. The trial court's judgment on Labcorp and Ace's venue exception and motion are not before the Court in the present writ application.

Plaintiff did not serve Pusey with the petition until May 9, 2023. On June 28, 2023, Pusey, represented by the same counsel as Ace and Labcorp, filed a declinatory exception of improper venue and motion to transfer venue to St. Tammany Parish pursuant to the doctrine of *forum non conveniens*. Attached to the exception/motion were Pusey's sworn declarations of intent and an affidavit indicating that he resided in Tangipahoa Parish at the time of the 2020 accident. At

the conclusion of the contradictory hearing, the trial court denied Pusey's exception of improper venue and motion to transfer venue. The trial court stated in its August 15, 2023 Judgment:

> At the time the *Petition for Damages* was filed, there was information available to the Plaintiff which indicated that the Defendant was a resident of St. John the Baptist Parish. On the date of the accident, Mr. Pusey provided the responding officer with his driver's license which revealed a residential address in St. John the Baptist Parish. Thus, the State of Louisiana Uniform Motor Vehicle Traffic Crash Report indicates that Mr. Pusey resided in St. John the Baptist Parish. Further, Mr. Pusey's voter registration at the time of the filing of the initial petition shows that Mr. Pusey is registered to vote in St. John the Baptist Parish. Furthermore, Mr. Pusey does not own a home, whereas the Court could have weighed in any homestead exemptions, which would have lessened the weight of any other evidence. Moreover, even accepting Mr. Pusey's declaration regarding his intentions of a change of domicile to be true, Mr. Pusey's post-petition intentions have no bearing on the analysis. A Defendant's domicile and intent to remain in a specific parish must be established at the time the lawsuit is filed.
>
> The Court finds that the evidence presented at the time the *Petition for Damages* was filed is sufficient to establish the Defendant's domicile as St. John the Baptist Parish. Thus, St. John the Baptist Parish is the proper venue to bring suit against Mr. Pusey and any joint or solidary obligor made defendant.

Pusey now seeks supervisory review of those rulings.

*Exception of Improper Venue*

A trial court's ruling on an exception of improper venue is a question of law that is reviewed *de novo*. *Seghers v. LaPlace Equip. Co., Inc.*, 13-350 (La. App. 5 Cir. 2/12/14), 136 So.3d 64, 70. Pursuant to La. C.C.P. art. 930, evidence may be presented at a hearing on a declinatory exception. *Ameriprint, LLC v. Canon Financial Servs., Inc.*, 21-110 (La. App. 5 Cir. 5/24/21), 2021 WL 2093824, at *2 (unpublished writ disposition). If evidence is admitted at a hearing on a declinatory exception, the exception must be resolved on the evidence presented, rather than

3

on the allegations in the petition. *Id.* (*citing Johnson v. Byrd*, 48,411 (La. App. 2 Cir. 9/25/13), 125 So.3d 1220, 1226). For purposes of a venue exception, the allegations of the plaintiff's petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept as true the allegations of the petition. *Ameriprint*, *supra* (*citing Chumley v. White*, 46,479 c/w 46,707 (La. App. 2 Cir. 11/9/11), 80 So.3d 39, 42).

At the August 10, 2023 hearing on the exception of improper venue and motion to transfer, neither party introduced any evidence in support of or against defendant's exception and motion. The hearing transcript reveals that the parties discussed the attachments to Pusey's exception/motion, but Mr. Pusey's counsel did not offer, file, and introduce these attachments into evidence at the hearing. When faced with this scenario, this Court has held:

> When a party raises an exception or motion that must be proven, it is that party's burden to present evidence establishing the claims made therein. See La. C.C.P. arts. 930, 931, 963; [s]ee also *Scheuermann v. Cadillac of Metairie, Inc.*, 11-1149 (La. App. 5 Cir. 5/31/12), 97 So.3d 423, 426. The exceptions to that rule are the peremptory exception of no cause of action and the motion for summary judgment. La. C.C.P. articles 931 and 966.
>
> ***
>
> Other defenses, however, whether raised by exception or motion, or in other pleadings, must be proven by evidence introduced at a hearing, where the trial court performs its function of weighing evidence, making credibility determinations, and making factual findings. *Lexington Ins. Co. v. Tasch, Inc.*, 12-339 (La. App. 5 Cir. 11/27/12), 105 So.3d 950, 955.
>
> Exhibits and attachments not properly and officially offered and admitted into evidence cannot be considered, even if it is physically filed into the trial court record. *Denoux v. Vessel Mgmt., Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *Tasch,* 105 So.3d at 955; *Scheuermann,* 97 So.3d at 427; *Jackson v. United Services Auto. Ass'n Cas. Ins. Co.*, 08-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux,* 983 So.2d at 88. Appellate courts are courts of record and may not review

4

> evidence that is not in the appellate record, or receive new
> evidence. *Id.* La. C.C.P. art. 2164.

*Draughn v. Thacker*, 14-216 (La. App. 5 Cir. 11/25/14), 165 So.3d 1010, 1012.

The Supreme Court and this Court have routinely held that appellate courts may not consider evidence not properly admitted into evidence, whether or not the lack of admission into evidence was raised as an error. *Id.* at 1012-13. *See also Ford Motor Credit Co., LLC v. Davis*, 20-271 (La. App. 5 Cir. 10/13/21), 329 So.3d 1047, 1055-56.

As in *Draughn*, the hearing transcript in this matter indicates that counsel referred to Mr. Pusey's sworn declarations and affidavit, which were attached to his exception and motion, yet counsel never moved to admit these exhibits into evidence, the trial court did not admit these exhibits into evidence, and the parties did not stipulate to the admission of the exhibits.[1]

Because there is no evidence properly before this Court on Mr. Pusey's exception of improper venue, the allegations of plaintiff's petition must be taken as true. *See Ameriprint*, *supra*. Plaintiff's petition states that Pusey is a resident of the Parish of St. John the Baptist, which would render venue proper in St. John the Baptist Parish under La. C.C.P. art. 42. Accordingly, we find no error in the result that the trial court reached when it overruled Mr. Pusey's exception of improper venue. The writ is denied on this issue.

*Motion to Transfer Venue*

---

[1] The hearing transcript states in relevant part:

> [Pusey] has filed, and the court has as exhibits in the record all of the different indications of his move. Changing his car insurance to be in Tangipahoa before this happened. Filing statements and evidence that he is moving, that he lives in Tangipahoa, making sure that people in court records know that. But the main thing is his affidavit, Your Honor, you can rely on that.

Mr. Pusey next argues that even if venue were found to be proper in St. John the Baptist Parish, the trial court erred in refusing to transfer the matter based on *forum non conveniens*. La. C.C.P. art. 123 A (1) states:

> For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.

We review the denial of a motion to transfer venue for an abuse of discretion. *Signet Jewelers Ltd. v. Steadfast Ins. Co.*, 21-288 (La. App. 4 Cir. 12/22/21), 366 So.3d 169, 171.

Although the plaintiff's choice of forum is generally entitled to some deference when proper venue lies in more than one parish, the plaintiff may not choose an inconvenient forum to vex, harass, or oppress the defendants. *Holland v. Lincoln Gen'l Hosp.*, 10-38 (La. 10/19/10), 48 So.3d 1050, 1055. Moreover, courts give less deference to a plaintiff's choice to sue outside his home forum. *Foot Locker, Inc. v. Zurich American Ins. Co.*, 21-594 (La. App. 4 Cir. 5/11/22), 340 So.3d 166, 170. The doctrine of *forum non conveniens* also gives courts a mechanism to regulate crowded dockets by insuring that cases of no interest to the particular community where the case is filed can be moved to a more appropriate forum. *Fox v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 576 So.2d 978, (La. 1991).

The Petition for Damages indicates that plaintiff, Boris Woods, is a resident of St. Tammany Parish. The accident occurred in St. Tammany Parish. Mr. Pusey argues, and we agree, based on the contents of plaintiff's petition, that St. Tammany Parish is an adequate and available forum because it is the home forum of the plaintiff and it is where the accident occurred. Where more than one forum

is available, the court considers public interest factors and private interest factors to determine whether a transfer of venue is appropriate. *Minot v. Waffle House, Inc.*, 20-444 (La. App. 4 Cir. 10/2/20), 365 So.3d 709, 716, *writ denied*, 20-1277 (La. 1/12/21), 308 So.3d 714.

The private interest factors include the convenience of the parties; access to sources of proof and evidence, as well as viewing of the premises, if required; the cost of obtaining the attendance of witnesses; and the obstacles to a fair trial. *Boudreaux v. Able Supply Co.*, 08-1350 (La. App. 3 Cir. 10/07/09), 19 So.3d 1263, 1268. In *Boudreaux*, the Court found that private interest factors weighed heavily in favor of an alternative forum where the plaintiff resided in that forum, the treatment occurred in that forum, and most of the witnesses were located in that forum. *Id*. Here, plaintiff's petition establishes that plaintiff resides in St. Tammany Parish, the accident occurred in St. Tammany Parish, and thus the only way to view the location of the tort, if necessary, would be to go to St. Tammany Parish. Furthermore, we presume that any investigation of the accident would have been performed by local law enforcement authorities, not by authorities in St. John the Baptist Parish. In light of these factors, and considering that courts give less deference to the plaintiff's choice of forum when the plaintiff chooses a forum that is not his home, we find the private interest factors weigh in favor of transferring the case to St. Tammany Parish.

The relevant public interest factors include: administrative difficulties flowing from court congestions; the local interest in having localized controversies decided at home; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Boudreaux*, 19 So.3d at 1268. *See also Minot v. Waffle House, Inc.*, 20-444 (La. App. 4 Cir. 10/2/20), 365 So.3d 709, 716, *writ denied*, 20-1277 (La. 1/12/21), 308 So.3d 714. It would appear that St. John the Baptist Parish has little interest in the present matter, and burdening its citizens with jury duty in a case

that occurred in St. Tammany Parish and involved a St. Tammany Parish resident suggests that St. Tammany Parish has a greater interest.

In sum, we find that the trial court abused its discretion in refusing to grant Mr. Pusey's motion to transfer venue. We therefore grant the writ in part, grant defendant's motion to transfer venue, and order that the matter be transferred to the 22nd Judicial District Court for the Parish of St. Tammany.

Gretna, Louisiana, this 31st day of October, 2023.

**SMC**
**MEJ**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>10/31/2023</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-450**

### <u>E-NOTIFIED</u>
40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Douglas J. Womac, Jr. (Respondent)
Jesse G. Frank (Relator)

### <u>MAILED</u>

Brent A. Talbot (Relator)
Attorney at Law
1100 Poydras Street
Suite 2300
New Orleans, LA 70163

Edward J. Womac, Jr. (Respondent)
Gary M. Langloir, Jr. (Respondent)
Attorney at Law
3501 Canal Street
New Orleans, LA 70119