FREDERICKA HOMBERG WICKER, Judge.
12Appellant, Miguel Barnes, appeals the trial court’s denial of his motion for change of custody. Because we find the mental health evaluator’s report was never introduced into evidence for consideration by the trial court, we vacate the appealed judgment and remand this matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Mr. Barnes and Ms. Jacob share joint custody of their two minor children. On June 3, 2010, the parties entered into a Consent Judgment, providing that they would share joint custody of the minor children and further stipulating that Ms. Jacob would be named the domiciliary parent. Mr. Barnes subsequently filed a Motion for Change of Custody, seeking to be named the domiciliary parent of the minor children.[1] The parties appeared before a hearing officer, who recommended that Mr. Barnes’ motion for change of custody be denied and further recommended the appointment of a Parenting Coordinator to facilitate communication between the parties.[2]
*364 [ 3Mr. Barnes objected to the hearing officer’s recommendation and, on July 17, 2012, the trial court conducted a hearing. On that date, the trial judge indicated that he.would not entertain a motion for modification of custody unless the parties underwent a full custody evaluation by a mental health expert, to which the parties agreed. Following the evaluation, Mr. Barnes filed a “Motion to Reset Custody Hearing,” and on May 28, 2013, the trial court conducted a hearing on Mr. Barnes’ motion. On that date, Mr. Barnes argued that the custody evaluation report recommended modification to the current custody arrangement and further recommended that Mr. Barnes be designated the domiciliary parent.[3] Counsel for Ms. Jacob challenged the evaluator’s report, asserting that the evaluator relied on events that occurred prior to the parties’ consent judgment[4] and that no material change in circumstances existed to warrant a modification of custody. The trial judge found that Mr. Barnes failed to prove a material change in circumstances and denied his motion for change of custody. Mr. Barnes appeals.

DISCUSSION

Upon review of the record in this matter, we find that the mental health expert’s custody evaluation report was not formally introduced into evidence at the May 28, 2013 hearing. The transcript reflects that consideration of the evaluator’s report, ordered by the trial judge, was critical to a determination of whether a change in custody was warranted in this case.
The Louisiana Supreme Court has instructed that “[ejvidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88-89. Further, “[ajppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Id.; La. C.C.P. art. 2164. Because the appealed judgment clearly required the trial judge to consider the mental health evaluator’s report, which was not formally introduced into evidence, we vacate the trial court’s judgment and remand for further proceedings. See Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La.App. 5 Cir. 5/31/12), 92 So.3d 625, 630; Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1278; Brielle’s Florist & Gifts, Inc. v. Trans Tech, Inc., 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833, 836.
The trial court’s May 28, 2013 judgment is hereby vacated and this matter is remanded for further proceedings.

VACATED AND REMANDED.

. Mr. Barnes also filed a motion for contempt against Ms. Jacob, which the trial court denied, alleging that she failed to comply with the consent judgment between the parties. Mr. Barnes has not appealed that judgment and that issue is not before this Court.

. The trial judge signed an Interim Judgment adopting the hearing officer’s recommenda *364 tions. On May 11, 2012, the court issued an Interim Judgment and Stipulated Judgment, whereby the trial judge denied Mr. Barnes' motion for change of custody and wherein the parties stipulated to the appointment of a Parenting Coordinator and that no other individuals, other than Mr. Barnes and Ms. Jacob, would be allowed to physically discipline the children.

. At the May 28, 2013 hearing, Mr. Barnes appeared in proper person.

. The record contains a June 3, 2010 consent judgment between the parties. In briefs to this Court, the parties also reference a second consent judgment dated March 25, 2011. However, the March 25, 2011 consent judgment referenced by the parties is not included in the record provided to this Court.