LILJEBERG, J.
11Appellant, • City of Harahan, seeks review of the trial court’s denial of its motion for preliminary injunction. For reasons stated below, we find the trial court’s judgment must be vacated and this matter remanded for further proceedings,
This case arises from the trial court’s denial of a motion for preliminary injunction filed by appellant, City of Harahan, against appellees, Wood Materials, L.L.C., and Wood Resources, L.L.C, (the “Wood Companies”). The Wood Companies operate a composting facility on the batture of the Mississippi River within the City’s corporate limits. The Wood Companies instituted this lawsuit on June 9, 2016, and sought, inter'alia, a-judgment declaring that their composting operations constituted a nonconforming use in accordance with La. R.S. 9:5625, On July 21, 2016, the City filed a reconventional demand seeking a judgment declaring the operation of a composting facility in-a “NU Non-Urban Bat-ture” -District to be in violation of its Comprehensive Zoning Ordinance, The City amended its reconventional demand on October 11, 2016.
On that same day, the City filed a Motion for Entry of Preliminary Injunction seeking' to enjoin the Wood Companies from operating the composting facility. The trial court held a hearing on -the motion on- December 7, 2016. During the hearing, the parties referred to and relied *295 on exhibits attached to the memoranda they filed in support of and in opposition to the motion for preliminary injunction. However, based on our review of the transcript and minute entry from the hearing, neither party moved to enter the exhibits discussed during the hearing, into the record as evidence. At the end of the hearing, the trial court denied the City’s request for a preliminary injunction, and on December, 13, 2016, the trial court signed a written order denying the same.
20n December 22, 2016, the City filed a request for written reasons for judgment. On December 28, 2016, the City fiied a timely motion to appeal the judgment denying its motion for preliminary injunction. On January 9, 2017, the trial court provided reasons for judgment indicating that after considering the evidence submitted by the parties, it determined the City failed to make a prima facie showing that it would prevail on the merits.
We do not address the assignments of error raised by the City because after thorough review of the record, we find no • evidence was properly and officially offered and admitted into evidence in support of or against the motion for preliminary injunction. The trial court indicated in its reasons that it relied on evidence presented by the parties in rendering its decision. Because the exhibits attached to the memoranda were not offered and entered into the record as evidence, we find the trial court erred in rendering its decision based on evidence not properly before the court.[1]
Although the failure to admit evidence was not assigned as an error in. this dase,, the Supreme Court and this Court have routinely held that appellate courts may . not consider evidence not properly admitted into evidence, whether the lack of admission.into evidence was assigned as error or not. Quinn v. La. Citizens Prop. Ins. Corp., 12-152 (La. 11/2/12), 118 So.3d 1011; Barnes v. Jacob, 13-596 (La. App. 5 Cir. 12/12/13), 131 So.3d 363, 364.
Exhibits .not properly and officially offered and admitted into evidence cannot be considered, even if they are physically, filed into the trial court record. Denoux v. Vessel Mgmt. Services, Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88; Scheuermann v. Cadillac of Metairie, Inc., 11-1149 (La. App. 5 Cir. 5/31/12), 97 So.3d 423, 426. Except as otherwise provided by law, documents attached to mem-oranda do not constitute evidence and cannot be considered as such on appeal.[2] Denoux, 983 So.2d at 88. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Id; La. C.C.P. art. 2164.
During argument at the hearing on the preliminary injunction, counsel for the *296 parties referred to exhibits, but at no time did they move to enter the exhibits into evidence, and the trial court did not admit these exhibits into evidence. Accordingly, we find the trial court erred in considering the exhibits attached to the parties’ memo-randa in deciding the City’s motion for preliminary injunction. The judgment is vacated and the matter is remanded to the trial court for further proceedings.
VACATED AND REMANDED

. La. C.C.P. art. 3609 provides that a “court may hear an application for a preliminary injunction ... upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be , heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.” Based on our review of the record, the parties did not file verified pleadings and the trial court did not enter a written order indicating it would hear the motion for preliminary injunction on affidavits. Therefore,' it appears the trial coúrt intended to accept evidence as in ordinary cases. As noted above, the parties neglected tp offer any of their exhibits into evidence,

. An exception exists with respect to summary judgment motions, La. C.C.P. art. 966(D)(2) permits a court to "consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made.”