CARL J. CALAMIA, JR. ET AL

VERSUS

THE PARISH OF JEFFERSON, ET AL

NO. 19-CA-270

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 732-538, DIVISION "M"
HONORABLE HENRY G. SULLIVAN, JR., JUDGE PRESIDING

December 30, 2019

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Hans J. Liljeberg

**VACATED AND REMANDED**
 **HJL**
 **FHW**
 **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
CARL J. CALAMIA, JR., CATHY CALAMIA GIANCOATIERI AND KAREN
CALAMIA, INDIVIDUALLY AND AS THE CHILDREN OF CARL J.
CALAMIA, SR. AND THERESA CALAMIA
 Erin Bruce Saucier
 Caleb H. Didriksen, III

COUNSEL FOR DEFENDANT/APPELLEE,
THE PARISH OF JEFFERSON
 Michael S. Futrell
 Matthew D. Moghis

**LILJEBERG, J.**

Plaintiffs/appellants, Carl J. Calamia, Jr., Cathy Calamia Giancoatieri and Karen Calamia, individually and as children of Carl J. Calamia, Sr. (collectively referred to as "plaintiffs"), appeal the trial court's January 29, 2019 judgment granting an exception of prescription filed by defendant, Parish of Jefferson. On appeal, plaintiffs argue their lawsuit is not prescribed because a similar lawsuit pending against joint tortfeasors in Orleans Parish tolled the prescriptive period for their claims against the Parish of Jefferson. As discussed more fully below, however, the relevant pleadings from the Orleans Parish lawsuit were not admitted into evidence and the trial court relied on these documents in rendering its decision to grant the exception of prescription in favor of the Parish of Jefferson. Accordingly, we must vacate the trial court's judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from the death of Carl Calamia, Sr. on February 21, 2007, following a diagnosis of malignant mesothelioma. On October 31, 2013, Mr. Calamia's children filed suit against the Parish of Jefferson and several other defendants in the 24th Judicial District Court for the Parish of Jefferson raising survivorship and wrongful death claims. In their petition, plaintiffs alleged that Mr. Calamia contracted mesothelioma when he worked as an underground utilities contractor installing, repairing and replacing asbestos-cement water pipes throughout Jefferson Parish.

On October 26, 2018, the Parish of Jefferson filed an exception of prescription arguing that plaintiffs' survivorship and wrongful death claims, filed more than six years after Mr. Calamia's death, are untimely.[1] In its exception, the

---

[1] The Parish of Jefferson also filed an exception of no right of action pursuant to La. C.C.P. art 425(A), which provides that a "party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The Parish of Jefferson argued that based on this provision,

Parish of Jefferson explained plaintiffs would argue that the filing of an earlier lawsuit against the Parish of Jefferson, and numerous other alleged joint tortfeasors, in Orleans Parish Civil District Court on November 21, 2006 ("Orleans Parish lawsuit"), served to toll the prescriptive period for their claims pending in the current lawsuit pursuant to La. C.C. art. 2324(C).[2] The Parish of Jefferson argued that because plaintiffs filed the Orleans Parish lawsuit in an improper venue according to La. R.S. 13:5107(B), and also failed to serve its registered agent for service of process within the prescriptive period, La. C.C. art. 3462 required a finding that the Orleans Parish lawsuit did not serve to interrupt the prescriptive period with respect to plaintiffs' claims against it. The Parish of Jefferson attached to its supporting memorandum, a copy of the original and amended petition for damages filed in the Orleans Parish lawsuit, as well as a copy of exceptions of improper venue and improper service that it filed in response and a January 17, 2007 order dismissing plaintiffs' claims against it in the Orleans Parish lawsuit without prejudice.[3]

As expected, in response to Parish of Jefferson's exception of prescription, plaintiffs argued that pursuant to La. C.C. art. 2324(C), the Orleans Parish lawsuit pending against the Parish of Jefferson's alleged joint tortfeasors interrupted the prescriptive period with respect to their claims in the present matter.

Following a hearing on January 16, 2019, the trial court granted the exception of prescription and found that prescription was not interrupted because the Orleans Parish lawsuit "was filed initially in an improper venue, [and] that

---

plaintiffs should be barred from bringing the current lawsuit because they chose to maintain their lawsuit in Orleans Parish. Due to its decision to grant the Parish of Jefferson's exception of prescription, the trial court ruled the exception of no right of action was moot.

[2] La. C.C.P. art 2324(C) provides as follows: "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

[3] The Parish of Jefferson claims that plaintiffs voluntarily dismissed it from the Orleans Parish lawsuit prior to a hearing on its exceptions.

there was no proper service within the prescriptive period." On January 29, 2019, the trial court signed a written judgment granting the exception of prescription and dismissing all of plaintiffs' claims against the Parish of Jefferson with prejudice.

On February 25, 2019, plaintiffs filed a timely motion for devolutive appeal, which the trial court granted on March 7, 2019.

## DISCUSSION

On appeal, plaintiffs ask this Court to overturn the trial court's judgment granting the exception of prescription because the Orleans Parish lawsuit pending against the Parish of Jefferson's joint tortfeasors tolled the prescriptive period pursuant to La. C.C. art 2324(C). The Parish of Jefferson argues, on the other hand, that pursuant to La. C.C. art. 3562, the Orleans Parish lawsuit, filed in an improper venue and served on an improper agent for service of process did not interrupt the prescriptive period.

Both parties relied on the pleadings from the Orleans Parish lawsuit when presenting their arguments regarding the exception of prescription to the trial court. It is also apparent from the reasons cited above that the trial court also relied on these pleadings to determine the Orleans Parish lawsuit did not interrupt the prescriptive period in the present matter. However, our review of the record indicates these documents were not admitted into evidence.[4]

Evidence not properly offered and introduced cannot be considered, even if it was physically placed in the record. *Denoux v. Vessel Management Services, Inc.,* 07-2143 (La. 5/21/08), 983 So.2d 84, 88. When considering an exception of prescription, documents simply attached to memoranda do not constitute evidence and cannot be considered as evidence on appeal. *In Re Spurlock*, 18-666 (La. App.

---

[4] The transcript and record from the January 16, 2019 hearing indicates that the only documents entered into evidence were documents from the Louisiana Secretary of State regarding the Parish of Jefferson's agent for service of process, which the Parish of Jefferson offered into evidence.

5 Cir. 4/24/19), 271 So. 3d 338, 341 (finding the trial court erred by granting an exception of prescription in the absence of properly admitted evidence).[5]

Upon our review of the record in this matter, we determine that the parties failed to introduce, and the trial court did not admit, the Orleans Parish pleadings into evidence. Consequently, there was no properly admitted evidence for the trial court to consider when it determined that the Orleans Parish lawsuit did not serve to interrupt prescription in this matter. Accordingly, we find the trial court erred by granting the exception of prescription in the absence of properly admitted evidence.

## DECREE

For the foregoing reasons, we vacate the trial court's judgment on the exception of prescription and remand for further proceedings.

**VACATED AND REMANDED**

---

[5] An exception exists with respect to summary judgment motions. La. C.C.P. art. 966(D)(2) permits a court to "consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." *See Wood Materials, LLC v. City of Harahan*, 17-142 (La. App. 5 Cir. 10/2/17), 228 So.3d 293, 295 fn.2.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-270

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE HENRY G. SULLIVAN, JR. (DISTRICT JUDGE)
ERIN BRUCE SAUCIER (APPELLANT)          MICHAEL S. FUTRELL (APPELLEE)          JANICE M. CULOTTA (APPELLEE)
WILLIAM PETER CONNICK (APPELLEE)        ALEXANDER A. LAURICELLA               MATTHEW D. MOGHIS (APPELLEE)
                                         (APPELLANT)

### MAILED

CALEB H. DIDRIKSEN, III (APPELLANT)      GAYLA M. MONCLA (APPELLEE)
ATTORNEY AT LAW                          ATTORNEY AT LAW
3114 CANAL STREET                        400 CONVENTION STREET
NEW ORLEANS, LA 70119                    SUITE 700
                                         BATON ROUGE, LA 70802