SHELLY M. JAMBON AND
QUEEN BESS BAY, LLC

VERSUS

QUEEN BESS BAY OWNERS
ASSOCIATION, INC., ET AL.

NO. 21-C-626

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

December 03, 2021

Susan Buchholz
First Deputy Clerk

**IN RE** QUEEN BESS BAY OWNERS ASSOCIATION, INC., RAYMOND GAUBERT, MICHELLE CARRION, KENNY LEMOINE, AND JOHN VICTORY

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 817-069

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg

## WRIT GRANTED; JUDGMENT VACATED AND REMANDED

Defendants, Queen Bess Bay Owners Association, Inc. (the "Owners Association"), Raymond Gaubert, Michelle Carrion, Kenny Lemoine and John Victory (collectively referred to as the "defendants"), seek review of the trial court's August 23, 2021 judgment denying their La. C.C.P. art. 971 motion to strike the lawsuit filed against them by plaintiffs, Shelly M. Jambon and Queen Bess Bay, LLC ("QBB"). For reasons stated more fully below, we grant the writ application, vacate the trial court's judgment and remand for further proceedings.

This matter involves a lawsuit in which plaintiffs allege defendants made intentional misrepresentations regarding property dispute issues to the Grand Isle Town Council and filed a lawsuit they did not intend to pursue, in order to delay the approval of plaintiffs' permit to develop the Kings Kove subdivision. Plaintiffs' petition includes claims for intentional misrepresentation, abuse of process, interference with contractual relationships and conspiracy. In response, defendants filed a motion to strike plaintiffs' claims pursuant to La. C.C.P. art. 971, alleging that the subject matter of the lawsuit stems from their actions in furtherance of their right of petition and free speech in connection with a public issue – that is their opposition to QBB's development of the Kings Kove subdivision. Defendants further argued that plaintiffs could not establish a probability of success on their claims and that plaintiff, Shelly Jambon, did not have a real or actual interest in her individual capacity.

In their opposition to the motion to strike, plaintiffs argued that defendants could not bear their initial burden of proving that their lawsuit arose from an act in

furtherance of their right of petition or free speech on an issue of public concern. Plaintiffs further argued, in the alternative, that they can demonstrate a reasonable probability of success on one or more of their claims.

Following a hearing, the trial court entered a judgment on August 23, 2021, granting the motion to strike in part and denying it in part. Specifically, the trial court granted the motion to strike with respect to Paragraph 6 of plaintiffs' petition, which included a general allegation about defendants voicing opposition to the Kings Kove subdivision. The trial court dismissed this allegation with prejudice. The trial court denied the motion to strike in all other respects, including defendants' request to dismiss the individual claims of Shelly Jambon.

Appellate courts review special motions to strike with the *de novo* standard of review because it involves issues of law and examines whether the trial court was legally correct. *Yount v. Handshoe*, 14-919 (La. App. 5 Cir. 5/28/15), 171 So.3d 381, 384. The Louisiana legislature enacted La. C.C.P. art. 971 to screen out meritless claims pursued to chill one's constitutional rights of petition or free speech in connection with a public issue. *Frigon v. Universal Pictures, Inc.*, 17-993 (La. App. 1 Cir. 6/21/18), 255 So.3d 591, 600, *writ denied*, 18-1868 (La. 1/18/19), 262 So.3d 896. La. C.C.P. art. 971 provides in pertinent part:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
>
> (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

Courts apply a two-part burden-shifting analysis in determining whether to grant a motion to strike filed pursuant to La. C.C.P. art. 971. *Yount*, 171 So.3d at 385. The burden of proof begins with the party filing the motion to strike to prove that the cause of action arises from an act in the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue. *Id.* Whether speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the entire record. *Id.*

If the mover makes a *prima facie* showing his petition or speech is constitutionally protected and in connection with a public issue, the burden shifts to the plaintiff to demonstrate a probability of success on the claim. *Id.* In those cases where more than one claim is alleged in the petition, courts examine the probability of success of each claim individually. *Id.*; *Melius v. Keiffer*, 07-189 (La. App. 4 Cir. 3/12/08), 980 So.2d 167, 172. By its terms, La. C.C.P. art. 971 applies to a *cause of action,* not to isolated allegations within a petition with which a litigant takes issue. *Gebre v. City of New Orleans*, 14-904, 14-905

(La. App. 4 Cir. 10/7/15), 177 So.3d 723, 733; *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich,* 878 F.Supp.2d 662, 669 (E.D. La. 7/9/12).

It is unclear from the trial court's written judgment, as well as from the oral reasons provided at the hearing, whether the trial court followed the two-part burden shifting analysis explained above and first determined that defendants made a *prima facie* showing their petition or speech was constitutionally protected and in connection with a public issue. We further note that it appears the trial court reviewed the allegations in the petition, rather than the specific causes of action in deciding to grant the motion to strike in part and deny it in part.

Furthermore, in their writ application, defendants point out that the minute entry from the hearing on the motion to strike indicates the exhibits attached to their motion to strike were offered, filed and introduced into evidence, but plaintiffs' exhibits were not. According to the minute entry and transcript provided to this Court, plaintiffs' exhibits, including their supporting affidavits and transcripts from the Grand Isle City Council meetings, were not introduced into evidence.

Exhibits not properly and officially offered and admitted into evidence cannot be considered, even if they are physically filed into the trial court record. *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *Wood Materials, LLC v. City of Harahan*, 17-142 (La. App. 5 Cir. 10/2/17), 228 So.3d 293, 295-96. Except as otherwise provided by law, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux*, 983 So.2d at 88.[1] Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. *Id*; La. C.C.P. art. 2164.

Our review of the transcript from the hearing on the motion to strike indicates that the trial court relied on plaintiffs' exhibits in rendering its decision on the motion to strike. Accordingly, we find the trial court erred by ruling on the motion to strike under these circumstances in the absence of properly admitted evidence. *See Calamia v. Parish of Jefferson*, 19-270 (La. App. 5 Cir. 12/30/19), 288 So.3d 278, 280.

For these reasons, we grant the writ application for the limited purpose of vacating the trial court's August 23, 2021 judgment and remand for further proceedings on defendants' motion to strike.

Gretna, Louisiana, this 3rd day of December, 2021.

**HJL**
**JGG**
**MEJ**

---

[1] An exception exists with respect to summary judgment motions as La. C.C.P. art. 966(D)(2) provides that the court shall consider any documents to which no objection is made.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>12/03/2021</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**21-C-626**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Hunter J. Schoen (Relator)                      Kyle L. Potts (Relator)
Savannah W. Smith (Respondent)                  William H. Dunckelman, Jr. (Respondent)
                                                David S. Daly (Respondent)
                                                Elliot M. Lonker (Respondent)

### MAILED
Timothy G. Schafer (Respondent)                 David J. Shelby, II (Respondent)
Attorney at Law                                 Attorney at Law
328 Lafayette Street                            Post Office Box 2471
New Orleans, LA 70130                           Baton Rouge, LA 70821

12/3/21

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David J. Shelby, II
Attorney at Law
Post Office Box 2471
Baton Rouge, LA 70821
21-C-626                    12-03-21

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2434 6249 3627 99

2. Article Number (Transfer from service label)

7016 2070 0000 0954 5352

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _David Shelby_   ☐ Agent
                   ☑ Addressee

B. Received by (Printed Name)        C. Date of Delivery
DAVID SHELBY                          12-7-21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

12/3/21

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Timothy G. Schafer
Attorney at Law
328 Lafayette Street
New Orleans, LA 70130
21-C-626                    12-03-21

9590 9402 2434 6249 3628 05

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 5369

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X   KJ

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C19

C. Date of Delivery   12/9/21

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☑ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

Domestic Return Receipt