NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**22-65**


# DENNIS CUNNIKIN, ET AL.

# VERSUS

# MS AND EF LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,591
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## CANDYCE G. PERRET
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Daniel G. Brenner**
**David A. Karst, Jr.**
**Bolen, Parker Brenner, Lee & Miller, APLC**
**709 Versailles Boulevard**
**Post Office Box 11590**
**Alexandria, LA   71315-1590**
**(318) 445-8236**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Dennis Cunnikin and Renee Cunnikin**

**Hansel Mark Harlan**
**Harlan Law Firm**
**9100 Bluebonnet Center Boulevard #102**
**Baton Rouge, LA   70809**
**(225) 442-1056**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Dana Roxanne Lee**
     **Alexandria Land and Title, LLC**

**Michael Paul Bienvenu**
**Kinchen, Walker, Bienvenue, Bargas, Reed & Helm, L.L.C.**
**9456 Jefferson Highway, Building III, Suite F**
**Baton Rouge, LA   70809**
**(225) 292-6704**
**COUNSEL FOR DEFENDANT:**
     **Louisiana Lagniappe Realty, LLC**

**Jeremy C. Cedars**
**Fine Legal Services, LLC**
**4615 Parliament Drive, Suite 202**
**Alexandria, LA   71303**
**(318) 767-2226**
**COUNSEL FOR DEFENDANTS:**
     **MS and EF LLC**
     **Elaine Setliff**
     **Mark Setliff**

**PERRET, Judge.**

Plaintiffs-Appellants, Dennis and Renee Cunnikin, appeal the trial court's October 28, 2021 Judgment, which effectively dismissed Appellants' claims against Alexandria Land & Title, LLC ("ALT") and Dana Roxanne Lee ("Lee") (hereafter referred to as "Appellees"), with prejudice. The Judgment granted the Peremptory Exception of Peremption of Alexandria Land & Title, LLC, and Dana Roxanne Lee and dismissed Appellants' First Supplemental and Amending Petition for Damages. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

This case arises from the purchase of property by Appellants from MS and EF, LLC, Mark Setliff, and Elaine Setliff, and the subsequent discovery that the land was not properly subdivided.

Appellants filed suit against MS and EF, LLC, Louisiana Lagniappe Realty, LLC, Mark Setliff, and Elaine Setliff ("the defendants"), on February 27, 2020.[1] In that petition, Appellants alleged that on July 31, 2018, the defendants sold Appellants the property described as "Tract 2 (1 acre) being part of Lot 30 Holiday Estates Extension No. 1" with the knowledge that Appellants intended to place a mobile home on the property. Appellants alleged the defendants failed to subdivide the property prior to the sale and failed to have the subdivision approved by the Rapides Area Planning Commission ("Commission") and the Rapides Parish Policy Jury ("RPPJ"). This failure allegedly prevented Appellants from securing the proper permits necessary to occupy their home and to secure utilities to the home.

---

[1] These parties remain defendants in the case.

Despite the defendants' application to the Commission to re-subdivide the property, on October 22, 2019, the Commission, and later the RPPJ on November 12, 2019, declined to do so based on the "law of ownership." The Commission also denied a request by the defendants on February 24, 2020. Thus, the property has yet to be subdivided and Appellants have been prevented from using the property for their intended purpose.

In their July 23, 2020 Answer with Affirmative Defenses, MS and EF, LLC, Mark Setliff, and Elaine Setliff, asserted the affirmative defense of plaintiff and third-party fault, alleging that Appellants failed to perform proper due diligence and that their title agent failed to locate any ordinances preventing the re-subdivision of the subject property or failed to advise Appellants of any problems relating to permits.

Thereafter, on December 22, 2020, Appellants filed a First Supplemental and Amending Petition for Damages naming ALT and Lee as additional defendants. Specifically, Appellants alleged that ALT and Lee conducted the closing of the July 31, 2018 sale, and that it was Lee's obligation as a closing attorney to verify that the property was properly subdivided and that a merchantable title could pass to Appellants. Thus, Appellants contend ALT and Lee's failure to verify the foregoing was a deviation below the standard of care constituting legal malpractice. Appellants further alleged that ALT and Lee are solidarily bound with the original defendants.

Appellees filed their answer on April 22, 2021, and the exception of peremption at issue on June 22, 2021. In the exception, Appellees argued that Appellants became aware or should have been aware of claims against Appellees as late as October 28, 2019, the date Appellants' counsel sent a letter to ALT

2

advising ALT to contact its Errors and Omissions insurer. Thus, the December 22, 2020 petition was filed more than one year later and perempted under La.R.S. 9:5605 and 9:5606. Appellees supported their exception with Lee's affidavit, the Act of Cash Sale, the title insurance policy, the Stop Work order issued by the Commission to Appellants, the October 28, 2019 letter, and the first supplemental and amending petition.

Appellants opposed the exception, asserting that Appellees have not carried their burden in proving the date Appellants knew or should have known of the negligence/malpractice, and that the October 28, 2019 letter does not establish Appellants knew or should have known of any negligence/malpractice claim. The purpose of the letter, Appellants explain, was to request ALT's file on the closing so that Appellants could determine if any acts of negligence/malpractice could be demonstrated. Appellants attached the original petition, the Agreement to Purchase or Sell, the Commission meeting record and Development Review Memorandum, the RPPJ denial, the supplemental and amending petition, the October 28, 2019 letter, and Renee Cunnikin's affidavit in support of their opposition.

After a reply memorandum from Appellees, the trial court admitted evidence and heard argument on the exception on October 18, 2021. Although the court agreed with Appellants that the burden of proof remained with the Appellees to prove the peremption, the trial court ultimately found Appellees met that burden:

> As I stated before I don't think the petition gives rise to – on its face to a claim . . . that peremption would . . . be proper. However, after reviewing the letter and the other documents presented in front of this court, I agree with [Appellees]. I think at this time, even if you're not a reasonable person, with the assistance of a well capable attorney knowing that property wasn't subdivided properly, knowing that something that – that a title attorney in his title search should review

and should give information as it relates to whether or not it was properly done, I think that's something they should have known or should have been known by either a reasonable person and definitely by a person with extremely capable counsel.

The trial court rendered judgment accordingly and declared the judgment was final pursuant to La.Code Civ.P. art. 1915(A)(1).

Now, on appeal, Appellants assert that the trial court manifestly erred in finding Appellants had or reasonably should have had knowledge of facts establishing a claim against Appellees and, thus, erred in granting the exception of peremption.

**STANDARD OF REVIEW:**

As explained by our supreme court, the appellate standard for reviewing a judgment on an exception of peremption depends on whether evidence was admitted on the motion:

> If evidence is introduced at the hearing on the peremptory exception of peremption, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Rando* [*v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09),] 16 So.3d [1065] at 1082. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

*Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, 577 U.S. 1139, 136 S.Ct. 1167 (2016). As evidence was admitted on the motion in the current case, we will apply a manifest error standard of review. We are also mindful of the legal rule: "Peremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." *Rando*, 16 So.3d at 1083.

4

**DISCUSSION:**

First, although not raised by the parties, after a review of the hearing transcript we note that only the exhibits attached to Appellees' exception motion and memorandum were properly admitted into evidence, as Appellants did not offer their exhibits into evidence. As the supreme court has stated, "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

> Although consideration of exhibits not admitted into evidence was not assigned as an error in this case, the Supreme Court and this Court have routinely held that appellate courts may not consider evidence not properly admitted into evidence, whether the lack of admission into evidence was assigned as error or not. Quinn v. La. Citizens Prop. Ins. Corp., 12-152 (La. 11/02/12), 118 So.3d 1011; Barnes v. Jacob, 13-596 (La. App. 5 Cir. 12/12/13), 131 So.3d 363, 364. Here, the parties referred to plaintiff's exhibits and relator's exhibits; however, none of these exhibits were offered or admitted into evidence. Exhibits not formally admitted into evidence could not be considered by the trial court in its decision, they are not properly before this Court, and we cannot consider them.

*Freeman v. Ochsner Clinic Found.*, 20-283, pp. 3-4 (La.App. 5 Cir. 11/10/20), 307 So.3d 335, 338. *See also Quinn*, 118 So.3d 1011 (finding documents attached to an exception of prescription memorandum were not properly admitted and could not be considered).

Accordingly, while the issue was not raised as an error, we cannot consider the exhibits attached to Appellants' opposition memorandum as they were not formally admitted into evidence at the hearing. Instead, we may only review those documents submitted by Appellees as evidence.

Regarding the matter at hand, the time limits to file a legal malpractice action and a negligence claim against professional insurance agents are set forth in La.R.S. 9:5605 and 9:5606, respectively. Both are substantially similar. Louisiana Revised Statutes 9:5605 provides in pertinent part:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Similarly, La.R.S. 9:5606 provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. . . .

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Both statutes provide that the running of peremption may begin with the date the malpractice/negligence was or should have been discovered. Our courts have defined the "date of discovery" as follows:

> The "date of discovery" from which prescription or peremption begins to run is the date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant.

*Teague v. St. Paul Fire and Marine Ins. Co.*, 07-1384, p. 13 (La. 2/1/08), 974 So.2d 1266, 1275. The *Teague* Court further explain the "date of discovery" rule:

> A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Nevertheless, a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. Even if a malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. The ultimate issue is the reasonableness of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct.

*Teague*, 974 So.2d at 1275 (quoting *Campo v. Correa*, 01-2707, pp. 11-12 (La. 6/12/02), 828 So.2d 502, 510-11)(citations omitted).

By bringing the exception, Appellees bore the burden of proving that the claim was filed more than one year from the date the negligence/malpractice was or should have been discovered. *Lomont*, 172 So.3d 620. When peremption is apparent on the face of the pleadings, the burden shifts to the non-exceptors to show the action was not perempted. *Id.*

Although the parties continue to dispute on appeal who carried the burden of proof on the motion, even maintaining the burden of proof with Appellees, as the trial court did, we find no manifest error in the trial court's judgment.

In this case, Appellants' supplemental and amending petition was filed on December 22, 2020. Appellants alleged that the July 31, 2018 sale contract was closed by Appellees and that it was the obligation of Lee to verify that the subject property was "properly subdivided, such that a merchantable title could pass from the original defendants to [Appellants]." Appellants claim Appellees failed to verify that the property was properly subdivided prior to the closing, and said failure constituted legal malpractice.

Thus, Appellees had the burden of proving that the alleged malpractice/negligence was or should have been discovered prior to December 22, 2019, for the claim to be perempted, i.e., that Appellants "knew or should have known through the exercise of reasonable diligence that [their] problem may have been caused by acts of malpractice." *Campo* 828 So.2d at 511.

In *Teague*, 974 So.2d 1266, the supreme court engaged in an in-depth discussion regarding what triggers the running of peremption in a legal malpractice action. In *Teague* the plaintiff, a doctor against whom a medical malpractice claim

was filed, sought a legal malpractice action against the attorneys who represented him in the medical malpractice case. The case was settled without his knowledge and participation. The settlement was reported by his insurance to the National Practitioner Data Bank. After learning of the settlement on October 29, 1999 (the day the settlement occurred), and becoming dissatisfied with the report, the doctor hired outside counsel. Thereafter it was discovered that the original attorneys failed to post the jury bond for trial and never informed the plaintiff. Said failure led to the mediation and settlement of the case. The plaintiff filed the legal malpractice suit on November 3, 2000. The defendants ultimately filed an exception of peremption that was granted by the appellate court. The supreme court reversed. In doing so, the court explained: "The question, therefore, becomes whether the date of discovery alleged by Dr. Teague, as well as his actions following such discovery, were reasonable, with the burden placed squarely on the exceptor to prove otherwise and to establish the action perempted." *Id*. at 1275.

The *Teague* defendants argued that peremption began to run from the date the plaintiff learned that the settlement occurred. The supreme court disagreed finding that it would not be "apparent to a reasonable person on that date that the jury trial had been lost due to the failure by his attorneys to post a jury bond and that the loss of the jury served as the motivation for the mediation and settlement." *Id*. at 1277. The court further noted:

> To hold that peremption commences from the date of knowledge of a bad result would precipitate lawsuits unnecessarily to preserve rights. An investigation might prove the absence of any malpractice or that the result was not caused by the defendant's negligence. . . . In the present case, an investigation was necessary for Dr. Teague to reasonably learn of the malpractice.

*Id*.

9

The supreme court also addressed the running of peremption for a legal malpractice claim in *Jenkins v. Starns*, 11-1170 (La. 1/24/12), 85 So.3d 612. In *Jenkins* the plaintiff had knowledge of a judgment against her and that her attorney failed to file a responsive pleading and appear at a hearing. After contacting her attorney, she was told by her attorney that he made a mistake and would try to fix it. The supreme court determined this information was sufficient to begin the running of peremption and stated:

> When Jenkins received the default judgment and made an inquiry to her attorney, she had constructive knowledge of: (1) the damage in the form of an $8,563.33 judgment against her; (2) the delict, or Starns' failure to file a responsive pleading; and (3) the relationship between Starns' action and the resulting default judgment, which she learned when he told her he had made a mistake. We find Jenkins' knowledge of the bad result coupled with the admission of counsel sufficient to put her on notice Starns was negligent in his representation and commenced the running of the one-year peremptive period.

*Id*. at 621-622 (footnote omitted).

Appellants here contend that, unlike *Jenkins*, while they knew at the time of the letter that damage had been done, the connection between the damage and ALT and Lee's possible acts/omissions/errors was not stated. Thus, like *Teague*, Appellants assert an investigation was necessary to discover the malpractice. Appellants' brief asserts that the October 28, 2019 letter does not set out any specific known act of negligence on the part of Appellees and that the clear intent of the letter was to request Appellees' file in order to determine if negligence on their part existed.

On the other hand, Appellees argue that, in order for the peremptive period to begin, Appellants only needed "knowledge of facts that would place a reasonable man on notice that malpractice may have been committed[.]"

Appellees assert that, in this case, knowledge of the alleged negligence is self-evident from the bad result.

The October 28, 2019 letter states in its entirety as follows:

> This letter will serve to advise that I have been retained to represent the interest of Dennis and Renee Cunnikin in connection with property that was closed by your company by closing agent Jana Calhoun and Attorney Roxanne Lee.
>
> On behalf of my clients, I request that you provide me with a complete copy of the file with reference to the closing on the property subject to an Agreement to Purchase executed by sellers MS&EF, L.L.C. and Mark D. Setliff to buyers Dennis Cunnikin and Renee Cunnikin.
>
> This letter will further request that you advise your Errors and Omissions Insurance Company of a potential claim which may be submitted in this matter on behalf of the Cunnikins. As you may know, the property which you closed apparently had not been properly sub-divided by the sellers, resulting in the buyers being unable to use the property for the purpose intended (location of a manufactured home).
>
> Finally, I would ask that you provide me with the name of your Errors and Omission Insurer, together with your policy number so that I may address this issue with them.

Appellants' supplemental and amending petition alleges that the standard of care required Appellees to "verify" that the property was "properly subdivided, such that a merchantable title could pass from the original defendants to petitioners." The alleged negligence was that Appellees failed to do so. The October 28, 2019 letter states that Appellants were not provided merchantable title and the property was not properly subdivided. While Appellants blame the original defendants for failing to subdivide the property, based on the negligence alleged against Appellees, it was also Appellees' responsibility to ensure the subdivision occurred prior to closing. Thus, when Appellants became aware that they did not receive merchantable title and that the property was not subdivided,

11

they should have been placed on notice that Appellees may not have done their job.

Furthermore, Appellants were represented at the time of the October 28, 2019 letter. The trial court took this fact into account when ruling:

> [A]fter reviewing the letter and the other documents presented in front of this Court, I agree with Mr. Harlan. I think at this time, even if you're not a reasonable person, with the assistance of a well capable attorney knowing that property wasn't subdivided properly, knowing that something that – that a title attorney in his title search should review and should give information as it relates to whether or not it was properly done, I think that's something they should have known or should have been known by either a reasonable person and definitely by a person with extremely capable counsel.

In fact, the trial court questioned counsel at the hearing:

> THE COURT: Mr. Brenner, you got a response [to opposing counsel's argument]?
>
> MR. BRENNER: . . . .We know of the bad result, we suspect it may be malpractice. We know it's the – the sellers, because we talk about the sellers in that letter. We think it might be the lawyer. We don't know, because we don't have the file. So it – my opinion that we do not have information or reasonable information to think that – that at this point discovery did continue, to answer counsel's questions, discovery continued. . . . We were investigating the rest of the file through other sources, through other means of discovery with other parties after that letter and before we filed our petition. . . .
>
> . . . .
>
> THE COURT: Let me ask you this. If the property was – had not been properly subdivided by the – by the sellers, which is indicated by the letter, is that something that you think the closing attorney should have known?
>
> MR. BRENNER: I – I think – I think they should have known that. I do think they should have known that. And I don't know –
>
> THE COURT: Is that something that would be prevalent in a title search?
>
> MR. BRENNER: It would be. It should have been caught. I think it should have been caught. Now, why they didn't catch that, was it due to malpractice? I don't know. I really don't know what the answer will be.

As previously stated, constructive knowledge is sufficient to begin the running of peremption. *Campo*, 828 So.2d 502. "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. **Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.**" *Id.* at 510-11 (emphasis added). "The focus is on the appropriateness of the claimant's actions or inactions, and therefore, the inquiry becomes when would a reasonable man have been on notice that malpractice may have been committed." *Straub v. Richardson*, 11-1689, p. 7 (La.App. 1 Cir. 5/2/12), 92 So.3d 548, 553, *writ denied*, 12-1212 (La. 9/21/12), 98 So.3d 341.

Based on the record, we cannot say that the trial court was manifestly erroneous in granting the exception of peremption. While Appellants may not have had the knowledge of the specific facts that led to Appellees' possible failure to discover the unsubdivided nature of the property and failure to inform Appellants prior to closing, Appellants clearly had enough notice of the problem to excite their attention and request Appellees' file on October 28, 2019. While Appellants state they never received the file for review, a reasonable person, represented by counsel, who "suspects it may be malpractice[,]" would have followed up on the inquiry. Instead, Appellants waited nearly fourteen months after the letter, without inquiring further regarding the file, to file their supplemental and amending petition adding Appellees as defendants and alleging malpractice.

**DECREE:**

For the foregoing reasons, the trial court's October 28, 2021 Judgment is affirmed. Costs of this appeal are assessed to Appellants, Dennis and Renee Cunnikin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.