CODEY SHORT                                    NO. 24-C-555

VERSUS                                         FIFTH CIRCUIT

ASHLEY BURQUERA                                COURT OF APPEAL

                                               STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Curtis B. Pursell
Clerk of Court

_____ December 27, 2024 _____

Curtis B Pursell
Clerk Of Court

**IN RE** CODEY SHORT

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN C. GREFER, DIVISION "J", NUMBER 843-612

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED; MOTION FOR LEAVE DENIED**

Relator, Codey Short, seeks expedited review of the district court's June 25, 2024 judgment that denied his Objection to Domestic Commissioner Order. On April 3, 2024, Commissioner Bailey denied Relator's Motion for Ex Parte Temporary Custody and Petition for Permanent Injunction Against Abuse and Sole Custody Pursuant to the Post-Separation Family Violence Relief Act ("PSFVRA") or in the Alternative, La. C.C. arts. 132 and 134. The Commissioner found that both Relator and Respondent, Ashley Burquera[1], had a history of perpetrating family violence. He ordered that the parties continue to exercise joint custody of their two small children pursuant to a February 2024 Consent Judgment. After a hearing on the objection, the district court found that there was not "sufficient proof [. . .] to trigger the [PSFVRA] such that it was bound by its provisions".

Relator argues that the district court erred when it did not apply the custody requirements of the PSFVRA after Mr. Short introduced uncontested testimonial evidence and photographs of the results of three incidents of family violence Respondent perpetrated against him, but instead ordered further steps for a normal "best interest" custody evaluation under La. Civil Code articles 132 and 134. Further, he maintains that Respondent offered insufficient evidence as a matter of law to support a finding that he also perpetrated a history of family violence and that the Domestic Commissioner erred as a matter of law when it found that he perpetuated a history of family violence. Last, he contends the district court erred as a matter of law when it upheld the Commissioner's findings.

---

[1] We note Respondent's last name is spelled "Burguera" in the district court documents attached as exhibits.

1

In deciding whether a parent has a "history of perpetrating family violence," the trial court should look at the entire chronicle of the family, remaining mindful that the paramount goal of the legislation is the children's best interest. Such factors as the number, frequency, and severity of incidents will be relevant, as well as whether the violence occurred in the presence of the children, and to what extent there existed provocation for any violent act. Stated differently, the determination must be based on a review of the total circumstances of the family, and necessarily involves a weighing of the evidence.

*Durand v. Rose*, 22-0300 (La. App. 4 Cir. 9/15/22), 366 So.3d 484, 490, *writ denied,* 22-1727 (La. 1/18/23), 353 So.3d 127 (citations omitted).

Every child custody case must be viewed in light of its own particular set of facts and circumstances. The trial court is therefore in the best position to determine the best interest of the child given each unique set of circumstances. *Id.*

A trial court's determination in a child custody case will not be disturbed unless there is a clear abuse of discretion. Additionally, it is well-settled that an appellate court cannot set aside the family court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong and manifestly erroneous. The trial court has vast discretion in custody determinations.

*Pierre v. Pierre*, 23-470 (La. App. 5 Cir. 2/21/24), 383 So.3d 1028, 1034-35, *writ denied,* 24-366 (La. 4/30/24), 383 So.3d 931 (citations removed).

Upon review, on the showing made, we find that the district court did not abuse its discretion in finding the volatile relationship and incidents between the Relator and Respondent did not reach the threshold to trigger the PSFVRA at the time of its ruling. The court clearly weighed the children's (potential) exposure to family violence against the harm they would suffer if their contact with either parent was significantly reduced. Accordingly, it maintained the Commissioner's orders, then entered further orders pursuant to La. C.C. art. 132 and 134 in efforts to provide the parties with additional tools and support to enable them to co-parent their children in a safe and healthy manner. The district court's review of the commissioner's findings and orders is *de novo. See Williamson v. Bell*, 24-6 (La. App. 5 Cir. 5/22/24), 389 So.3d 948, 956–57. The court did not agree with the Commissioner's finding that both parties had a history of perpetuating family violence. The final judgment of the district court is the only one properly before us at this time. *See* La. R.S. 13:717.

Since filing the writ application, Relator has filed a motion for leave to file a supplemental memorandum related to recent action taken by the Department of Children and Family Services ("DCFS") with regards to the family. According to Relator, the children were taken into the custody of the DCFS shortly after this writ application was filed. However, matters that occurred subsequent to the June 2024 ruling at issue are not properly before this Court.

Considering the foregoing, we deny the writ and deny Relator's motion for leave to file a supplemental memo[2].

Gretna, Louisiana, this 27th day of December, 2024.

**MEJ**
**FHW**
**JGG**

---

[2] Exhibits not properly and officially offered and admitted into evidence cannot be considered, even if they are physically filed into the trial court record. *Denoux v. Vessel Mgmt. Services, Inc*., 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *Wood Materials, LLC v. City of Harahan*, 17-142 (La. App. 5 Cir. 10/2/17), 228 So.3d 293, 295-96. Except as otherwise provided by law, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux*, 983 So.2d at 88.1 Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. *Id*; La. C.C.P. art. 2164

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>12/27/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-555**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Stephen C. Grefer (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED          Jeremy L. Schrady (Relator)

### MAILED

Christen E. DeNicholas (Respondent)
Attorney at Law
848 Second Street
3rd Floor
Gretna, LA 70053