MICHAEL DUPLESSIS

VERSUS

WASTE CONNECTIONS OF LOUISIANA, INC.,
ACE AMERICAN INSURANCE COMPANY,
AND LISA REED

NO. 23-C-589

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 22, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** WASTE CONNECTIONS BAYOU, INC., ACE AMERICAN INSURANCE COMPANY, AND LISA REED

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 825-887

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Scott U. Schlegel

## WRIT GRANTED FOR LIMITED PURPOSE; REMANDED

In this personal injury case, relators/defendants, Waste Connections Bayou, Inc., ACE American Insurance Company, and Lisa Reed, seek review of the trial court's November 16, 2023 judgment denying their Motion to Compel Neuropsychological Evaluation. For the following reasons, we grant the writ application for the limited purpose of vacating the trial court's judgment and remanding for further proceedings on defendants' motion.

The trial court has the authority to order a party to submit to an examination when a plaintiff's condition is "in controversy," and there is "good cause" for the examination. La. C.C.P. art. 1464(A). A showing of "good cause" under La. C.C.P. art. 1464 requires that the moving party establish a reasonable nexus

23-C-589

between the requested examination and the condition in controversy. *Hicks v. USAA Gen. Indem. Co.*, 21-840 (La. 3/25/22), 339 So.3d 1106, 1108.

On September 8, 2023, defendants filed a "Motion to Compel Neuropsychological Evaluation and Amend Scheduling Order," pursuant to La. C.C.P. art. 1464, asking the trial court to order Mr. Duplessis to submit to a neuropsychological evaluation by Dr. Kevin Greve. Defendants asserted that Mr. Duplessis was treated by a clinical psychologist, Dr. Beverly Howze, and her report sets forth her opinions and indicates that it is essential for Mr. Duplessis to complete neurological and neuropsychological assessments. In support of their motion, defendants attached Dr. Howze's report and other exhibits to their memorandum. On October 13, 2023, Mr. Duplessis filed a memorandum in opposition to defendants' motion and attached several exhibits as well.

Defendant's Motion to Compel Neuropsychological Evaluation came for hearing on October 23, 2023. At the hearing, the parties presented arguments and referred to their exhibits, but no evidence was introduced or admitted. After taking the matter under advisement, the trial court rendered a judgment denying the motion on November 16, 2023.

In this writ application, defendants contend that the trial court abused its discretion by denying their Motion to Compel a Neuropsychological Evaluation. However, after review, we find that we are unable to assess the merits of defendants' motion.

Although the parties attached exhibits to their memoranda in support of their arguments, we cannot consider these exhibits because the transcript reflects that they were not introduced or admitted into evidence at the hearing.

Evidence not properly and officially offered and introduced cannot be considered, even if the evidence is physically placed in the record. *Scheuermann v. Cadillac of Metairie, Inc.*, 11-1149 (La. App. 5 Cir. 5/31/12), 97 So.3d 423, 427,

2

*citing Denoux v. Vessel Management Services. Inc.,* 07-2143 (La. 5/21/08), 983 So.2d 84, 88.  Documents attached to memoranda do not constitute evidence and cannot be considered by the appellate court.  *Id.*

Although we cannot consider the exhibits filed by the parties as attachments to their memoranda, La. C.C.P. art. 2164 provides that an "appellate court shall render any judgment which is just, legal and proper upon the record."  It is well settled that an appellate court is empowered under this article to remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice.  *Alex v. Rayne Concrete Service*, 05-1457 (La. 1/26/07), 951 So.2d 138, 155.  Whether a particular case should be remanded is a matter which is vested largely within the court's discretion and depends upon the circumstances of the case.  *Id.*

Considering the arguments before us, we grant the writ application for the limited purpose of vacating the trial court's November 16, 2023 judgment and remanding this matter to the trial court for a hearing to allow the parties to properly offer, file, and introduce their exhibits into evidence.  We further order the trial court to render its decision based on the evidence properly before it for consideration.

Gretna, Louisiana, this 22nd day of January, 2024.

**FHW**
**SMC**
**SUS**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/22/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-589**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Jacob K. Best (Relator)                    Guice A. Giambrone, III (Relator)
                                            Christopher H. Sherwood (Respondent)
                                            Jessica F. Gensler (Relator)

**MAILED**

Warren A. Forstall, Jr. (Respondent)
Attorney at Law
320 North Carrollton Avenue
Suite 200
New Orleans, LA 70119

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warren A. Forstall, Jr.
320 North Carrollton Avenue
Suite 200
New Orleans, LA 70119
23-C-589                    01-22-24

||||||||||||||||||||||||||||||||||||||||
9590 9402 2434 6249 3567 36

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7974

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                             ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                    1-25-24

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt